OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 31, 1999

Robert A. Swerdlow, Ph.D.
Chairman, Texas Council on Purchasing
  from People with Disabilities
P.O. Box 13047
Austin, Texas 78711-3047

Opinion No. JC-0030

Re: Financial reporting requirements applicable to Texas Council on Purchasing from People with Disabilities under section 122.022 of the Human Resources Code (RQ-1217)

Dear Dr. Swerdlow:

You have asked this office to interpret the language of section 122.022 of the Human Resources Code, which requires the Texas Council on Purchasing from People with Disabilities ("the Council") annually to file with the Governor and each house of the legislature "a complete and detailed written report accounting for all funds received and disbursed by the council during the preceding year." You ask whether section 122.022 "requires the Council to include its accounting of monies received regardless of the absence of a legislative appropriation." Letter from Robert A. Swerdlow, Ph.D., to Honorable Dan Morales, Attorney General (Oct. 28, 1998) (on file with Opinion Committee) [hereinafter Swerdlow letter of 10/28/98]. We conclude that it does.

The Council, as this office recently noted in Attorney General Opinion DM-496, "is authorized to approve community rehabilitation programs under which persons with disabilities produce goods or perform services for compensation" and "is charged with determining the fair market value of products and services manufactured or provided by persons with disabilities and offered for sale to state agencies by community rehabilitation programs." Tex. Att'y Gen. Op. No. DM-496 (1998) at 1-2. To effect these ends, the Council, as you put it, "contract[s] with a [central nonprofit agency] to carry out the day to day functions of the State Use Program." Swerdlow letter of 10/28/98, supra. The statute requires the General Services Commission ("the Commission") to provide the Council with "legal, clerical, administrative, and other necessary support." TEX. HUM. RES. CODE ANN. section 122.012(a) (Vernon Supp. 1999). The Council has not received a legislative appropriation; rather, we understand it relies upon, under section 122.019(f), a percentage of the management fee paid to the central nonprofit agency, which is set "in the amount necessary to reimburse the general revenue fund for direct and reasonable costs incurred by the commission in administering its duties under this chapter." Id. § 122.019(f).

Human Resources Code section 122.022, about which you ask, reads in relevant part:

> On or before November 1 of each year, the council shall file with the governor and the presiding officer of each house of the legislature a complete and detailed written report accounting for *all funds received and disbursed* by the council during the preceding year. The annual report must meet the reporting requirements applicable to financial reporting provided in the General Appropriations Act.

*Id.* § 122.022(a) (emphasis added).

As you inform us, the central nonprofit agency with which you contract has prepared the annual reports referenced in section 122.022(a) as part of its contractual obligations. However, "[i]n previous reports filed there was no reference to monies received and disbursed by the Council nor its predecessor, the Texas Committee on Purchases of Products and Services of Blind and Severely Disabled Persons." Swerdlow letter of 10/28/98, *supra*. You ask whether the Council is obliged to include in its annual report an accounting of all funds received and disbursed "regardless of the absence of a legislative appropriation." *Id.* We conclude that the Council is so obliged.

Nothing in the statutory requirement that the Council must account in its annual report for "all funds received and disbursed . . . during the preceding year" restricts the definition of funds to legislative appropriations. In interpreting the statutory language, we must read words in common use "according to their natural, ordinary, and popular meaning," 67 TEX. JUR. 3D *Statutes* § 100 (1989); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (words and phrases to be "construed according to the rules of grammar and common usage"); *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997) (unambiguous statutory language given "common everyday meaning"). The word "all" is defined by *Webster's Ninth New Collegiate Dictionary* as meaning, inter alia, "1 a: the whole amount or quantity of . . . b: as much as possible . . . 2: every member or individual component of . . . 3: the whole number or sum of . . . 4: EVERY . . . 5: any whatever." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 70-71 (1985) (examples omitted). We therefore read the statute as requiring an accounting of all funds, from whatever source derived.

Nor is our conclusion affected by the second sentence of section 122.022(a), which requires that the report "meet the reporting requirements applicable to financial reporting provided in the General Appropriations Act." TEX. HUM. RES. CODE ANN. § 122.022(a) (Vernon Supp. 1999). The legislature here has simply set the standard which the report is to follow, not required that it refer solely to appropriated funds.

Accordingly, then, we conclude that section 122.022 of the Human Resources Code requires the Texas Council on Purchasing from People with Disabilities to account on an annual basis for all funds received and disbursed, from whatever source derived, and the absence of legislatively appropriated funds has no effect on this requirement.

## S U M M A R Y

The Texas Council on Purchasing from People with Disabilities must account on an annual basis for all funds received and disbursed, from whatever source derived.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by James E. Tourtelott
Assistant Attorney General