OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



February 2, 2000

The Honorable Eddie Lucio, Jr.
Chair, Committee on Border Affairs
Texas State Senate
P.O. Box 12068, GE.4
Austin, Texas 78711

Opinion No. JC-0176

Re: Whether a district clerk may deliver juror checks (RQ-0153-JC)

Dear Senator Lucio:

You ask whether a district clerk may deliver juror checks. *See* Letter from Honorable Eddie Lucio, Jr., Texas State Senator, to Honorable John Cornyn, Attorney General of Texas (Nov. 24, 1999) (on file with Opinion Committee). We conclude that a district clerk may not deliver juror checks. Rather, the county treasurer must deliver juror checks.

You ask your question on behalf of the Cameron County Treasurer. *See id.* at 1. In a letter to you, the Cameron County Treasurer reports that the Cameron County Commissioners Court voted to have the district clerk deliver all juror checks. *See* Letter from Honorable Eddie A. Gonzalez, Cameron County Treasurer, to Honorable Eddie A. Lucio, Jr., Texas State Senator (Nov. 9, 1999) (on file with Opinion Committee). The county treasurer has further explained that, under the commissioners court's plan, checks that have been written and signed by the treasurer will be mailed to jurors by the district clerk. Telephone conversation with Honorable Eddie A. Gonzalez, Cameron County Treasurer (Dec. 22, 1999). Previously, the county treasurer states, it has been the treasurer who has mailed completed checks to jurors. *Id.*

If the duty to deliver juror checks to jurors is a "core" function of the county treasurer, the county commissioners court may not delegate the duty to another county officer. *See Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 82 (Tex. 1997). A "core" function of the treasurer is a duty specifically assigned to the treasurer by the legislature. *See id.* A commissioners court cannot reassign the county treasurer's core functions. *See id.* at 80-82.

We conclude that the duty to deliver juror checks is a core function of the county treasurer's office that must be performed by the county treasurer. Generally, the duty to deliver a county warrant to a payee is a core function of the county treasurer that a commissioners court may not reassign to a district clerk. Applicable statutes specifically assign the duty of delivering a check to the payee to the county treasurer. Section 113.042(b) of the Local Government Code states that a county treasurer "shall, on the presentation of [a] warrant, endorse the warrant and *deliver it* to the *payee*." TEX. LOC. GOV'T CODE ANN. § 113.042(b) (Vernon 1999) (emphasis added). Similarly,

section 113.041 of the Local Government Code requires a county treasurer to disburse all money belonging to the county. *See id.* § 113.041(a) (Vernon Supp. 2000).

Nothing excepts the duty to deliver a reimbursement warrant to a juror from the treasurer's general duty to deliver county warrants to a payee. Section 61.001 of the Government Code requires a commissioners court annually to determine the "daily reimbursement of expenses for jurors," which shall be "paid out of the jury fund of the county." TEX. GOV'T CODE ANN. § 61.001(c) (Vernon Supp. 2000). While a district clerk may draw a check on the jury fund, *see id.* § 61.001(e), the treasurer must endorse the face of the check "before it can be paid. [J]ury checks may be drawn by the district court clerk but should be signed by the county treasurer to be eligible for payment." Tex. Att'y Gen. Op. No. H-590 (1975) at 4.

Our conclusion accords with previous decisions of this office. This office has thrice concluded that the county treasurer is the proper official to deliver county warrants to payees, including jurors. *See* Tex. Att'y Gen. Op. Nos. H-982 (1977) at 3; H-590 (1975) at 3; M-657 (1970) at 1. This office twice has concluded that a district clerk may not deliver county warrants to jurors. *See* Tex. Att'y Gen. Op. Nos. H-982 (1977) at 3; H-590 (1975) at 3. The statutes upon which these opinions rely have been codified without substantial change. *Compare* TEX. REV. CIV. STAT. ANN. art. 2122(a), *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 26(1), 1985 Tex. Gen. Laws 1720, 2048 *and* TEX. REV. CIV. STAT. ANN. arts. 1709, 1709a, 2554, *repealed by* Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 49(1), 1987 Tex. Gen. Laws 707, 1306-07 *with* TEX. GOV'T CODE ANN. § 61.001(c) (Vernon Supp. 2000) *and* TEX. LOC. GOV'T CODE ANN. §§ 113.041(a), .042, .043 (Vernon 1999 & Supp. 2000).

## S U M M A R Y

The duty to deliver juror-reimbursement checks is a core function of the county treasurer and must be performed by the treasurer. A county commissioners court may not reassign the duty to a district clerk.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee