OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

April 17, 2001

The Honorable James Warren Smith, Jr.
Frio County Attorney
500 East San Antonio Street, Box 1
Pearsall, Texas 78061-3100

Opinion No. JC-0370

Re: Whether a county may pay accrued vacation or compensatory time to two sheriff's deputies if, when the time accrued, the county did not permit such payments, and related question (RQ-0324-JC)

Dear Mr. Smith:

Under article III, section 53 of the Texas Constitution, a county may not retroactively grant extra compensation to an employee for services the employee already has performed. *See* TEX. CONST. art. III, § 53. You ask whether a county may pay accrued vacation and compensatory time to two sheriff's deputies if, when the time accrued, the county did not permit such payments.[1] The county may not.

You also ask whether, under subsections 113.041(a) and 113.041(d) of the Local Government Code, the county treasurer has "blanket authority" to make these payments without "coming before the commissioners court on a case-by-case basis to seek permission." *See* Request Letter, note 1, at 2; *see also* TEX. LOC. GOV'T CODE ANN. § 113.041(a), (d) (Vernon Supp. 2001). Section 113.041, which directs a county treasurer to disburse county money "as the commissioners court may require or direct," does not permit the treasurer to disburse county money without obtaining the commissioners court's approval. The commissioners court may not delegate this duty.

Two Frio County deputy sheriffs have requested the commissioners court to pay them for their accrued vacation time, including some time carried over from a previous benefit year, and compensatory time. *See id.* at 2. Their request brought to light a practice by the county treasurer of which, you aver, the commissioners court previously had been unaware. *See id.* "Unbeknownst to the Frio County Commissioners Court, several Frio County Deputy Sheriffs in the past had requested (through the Frio County Sheriff) from the Frio County Treasurer that they be paid for accrued vacation time," including carried-over vacation time, "and at least one deputy sheriff" also asked to be paid for accrued compensatory time. *Id.* The county treasurer paid all of the past claims.

---

[1]*See* Letter from Honorable James Warren Smith, Jr., Frio County Attorney, to Honorable John Cornyn, Texas Attorney General (Dec. 5, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

*See id.* "The county treasurer informed me and the commissioners court that this 'has always been done,' and she didn't think she needed to come to the commissioners court for authority to pay accrued vacation time (or compensatory time) to those requesting it." *Id.* at 2. The county treasurer did not pay these particular deputies' claims because "they had not submitted their request before the end of the county's fiscal year (i.e. September 30, 2000); and, therefore, they could not be paid because there was not money in the new fiscal year's budget to pay them." *Id.* Hence, the deputies requested payment "at a special called meeting of the Frio County Commissioners Court." *Id.; see* TEX. LOC. GOV'T CODE ANN. § 81.005(b) (Vernon Supp. 2001) (permitting county judge or three county commissioners to call special term).

We presume that, when the deputies accrued this vacation and compensatory time, the county did not permit payment for accrued vacation or compensatory time. You assert that the employee handbook in effect at that time did not provide for paying an employee for accrued vacation time except upon the employee's termination. *See* Request Letter, *supra* note 1, at 1. Nor did the handbook provide that an exempt employee may be paid for hours worked in excess of the normal forty-hour work week. *See id.* Whether the county in fact permitted payment for accrued vacation or compensatory time is a fact question that this office cannot resolve. *See* Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2 ("[I]nvestigation and resolution of fact questions . . . cannot be done in the opinion process."); DM-98 (1992) at 3 ("[Q]uestions of fact cannot be resolved in the opinion process.").

The county may not approve the requested payments—and the treasurer may not make the payments. If the county pays the deputies for accrued vacation or accrued compensatory time when, at the time the deputies accrued the time, the county did not permit payments for accrued vacation or compensatory time, the county would violate article III, section 53 of the Texas Constitution. Article III, section 53 withholds from the legislature power to authorize a county to grant "any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered." TEX. CONST. art. III, § 53. Accordingly, a county may not retroactively award or increase compensation. *See* Tex. Att'y Gen. Op. No. JC-0026 (1999) at 2. And, should the county revise its handbook to permit payments for accrued vacation or compensatory time, the county may not apply the increased benefits to services performed before the revisions took effect. *See* Tex. Att'y Gen. Op. No. JC-0123 (1999) at 2.

You also ask about the county treasurer's authority under subsections 113.041(a) and 113.041(d) of the Local Government Code to make the payments she has already made. *See* Request Letter, *supra* note 1, at 2; *see also* TEX. LOC. GOV'T CODE ANN. § 113.041(a), (d) (Vernon Supp. 2001). Because we cannot find facts, we are compelled to assume that the treasurer's practice was in fact "[u]nbeknownst" to the commissioners court, as your letter indicates. *See* Request Letter, *supra* note 1, at 1-2; *see also* Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2 ("[I]nvestigation and resolution of fact questions . . . cannot be done in the opinion process."); DM-98 (1992) at 3 ("[Q]uestions of fact cannot be resolved in the opinion process.").

A commissioners court has a nondelegable duty to review county payrolls and to issue warrants, although the level of scrutiny to which any particular disbursal is subject may vary from county to county. *See* Tex. Att'y Gen. Op. No. JM-986 (1988) at 7;[2] *see also* Tex. Att'y Gen. Op. No. JC-0100 (1999) at 2 (stating that commissioners court may not delegate powers requiring exercise of judgment and discretion); *cf. Padgett v. Young County*, 204 S.W. 1046, 1052 (Tex. Civ. App.–Fort Worth 1918, writ dism'd) (determining that commissioners court has nondelegable duty to "audit all claims against the county and to order paid those only which are found to be just and legal demands"). The commissioners court must approve salaries paid to county employees "before any warrants may be issued." Tex. Att'y Gen. Op. No. JM-192 (1984) at 5. And, as part of its duty generally to set the county employees' compensation, the commissioners court has sole authority to grant vacation and compensatory benefits "and pay or credit personnel for unused portions" of these benefits. Tex. Att'y Gen. Op. No. JC-0123 (1999) at 1; *see* TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999) (requiring commissioners court to "set the amount of the compensation, office and travel expenses, and all other allowances" for county employees who are paid wholly from county funds); Tex. Att'y Gen. Op. Nos. JC-0147 (1999) at 1 ("With certain exceptions, the commissioners court sets the salary of each county officer and employee paid wholly from county funds."); MW-438 (1982) at 2 (stating that vacation entitlement is compensation).

Conversely, a county treasurer may not disburse county funds unless the commissioners court has approved the disbursal. A county treasurer has a ministerial duty to disburse county money "as the commissioners court may require or direct." TEX. LOC. GOV'T CODE ANN. § 113.041(a) (Vernon Supp. 2001); *see* Tex. Att'y Gen. Op. No. H-171 (1973) at 4-5. The treasurer may not pay "money out of the county treasury without a certificate or warrant from an officer who is authorized by law to issue the certificate or warrant." TEX. LOC. GOV'T CODE ANN. § 113.041(c) (Vernon Supp. 2001). In a county with a population less than 190,000, such as Frio County, *see* 1 BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 1990 CENSUS OF POPULATION: General Population Characteristics: Texas 2 (1992) (population of Frio County is 13,472), only the commissioners court may issue a certificate or warrant. *See* Tex. Att'y Gen. LO-95-002, at 1.

Section 113.041(d) of the Local Government Code, which you cite, does not directly relate. Under that section, "[i]f the treasurer doubts the legality or propriety of an order, decree, or warrant presented to the treasurer for payment, the treasurer may not make the payment" but must report the matter to the commissioners court for its consideration and direction. TEX. LOC. GOV'T CODE ANN. § 113.041(d) (Vernon Supp. 2001). While subsection (d) supports the conclusion that only the commissioners court has final authority to approve a disbursal of county funds, you do not indicate that the treasurer questioned the legality or propriety of making payments for accrued vacation or compensatory time generally.

---

[2]The Texas Supreme Court partially reversed Attorney General Opinion JM-986 in *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 82 (Tex. 1997), which concludes that the commissioners court may not delegate the county treasurer's core functions to another county officer. We do not understand *Agan* to question the point for which we cite the attorney general opinion here.

## S U M M A R Y

A county may not pay accrued vacation or compensatory time to two deputy sheriffs if, when the time accrued, the county did not permit such payments. A county commissioners court has a nondelegable duty to review the county payroll and to approve warrants. A county treasurer may not disburse county funds without the county commissioners court's approval. *See* TEX. LOC. GOV'T CODE ANN. § 113.041(a), (c) (Vernon Supp. 2001).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee