OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 12, 1999

The Honorable Michael P. Fleming
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002-1700

Opinion No. JC-0047

Re: Whether the state or a county must reimburse a state district judge for expenses incurred by the judge in defending a mandamus action   (RQ-0040)

Dear Mr. Fleming:

You explain that the judge of the 208th District Court retained a private attorney to represent her in a mandamus action because counsel to the district judges represented another judge in the action. The judge of the 208th District Court believed that there was a conflict between her interests and the interests of the other judge. She asserts that she is entitled to have the county pay for her representation in the action because the representation benefitted all criminal district judges. In light of this background, you ask whether the state or a county must reimburse a state district judge for expenses incurred by the judge in defending a mandamus action. We conclude that section 74.141 of the Government Code does not obligate the state to pay for the defense of a state district judge when the judge retains private counsel without the prior approval of the Attorney General. We also conclude that a county may, but is not required, to provide a legal defense for a state district judge in certain circumstances under the common law.

The brief submitted with your request suggests that the district judge should apply to the state for reimbursement of her legal expenses based on section 74.141 of the Government Code, which provides as follows:

> The attorney general shall defend a state district judge . . . in any action or suit in any court in which the judge is a defendant because of his office as judge *if the judge requests the attorney general's assistance in the defense of the suit.*

TEX. GOV'T CODE ANN. § 74.141 (Vernon 1998) (emphasis added). Section 74.141 requires the Attorney General to defend a state district judge only when the judge requests the Attorney General's assistance. On its face, this provision does not obligate the state to pay for the defense of a state district judge when the judge retains private counsel without the prior approval of the Attorney General. And nothing in the legislative history of section 74.141 indicates that it is intended to obligate the state to pay for the defense of a state district judge when the judge retains private counsel. *See* discussion *infra* pp. 4-5 (legislative history of section 74.141 of the Government

Code).[1] We are not aware of any other statute that would obligate the state to reimburse the district judge, and in the absence of such a statute we believe that the state is not authorized to make such an expenditure. *See generally* General Appropriations Act, Act of May 25, 1995, 74th Leg., R.S., ch. 1063, art. IX, § 55, 1995 Tex. Gen. Laws 5242, 6096 ("Where the Attorney General . . . is required by constitutional or statutory provision to represent a . . . state official . . . , no compensation shall be paid from any appropriation made in this Act to any other attorney for representing the State of Texas in the trial of a civil suit in Constitutional Courts except in those cases where the Attorney General consents to such representation . . . ."); General Appropriations Act, Act of May 29, 1997, 75th Leg., R.S., ch. 1452, art. IX, § 59, 1997 Tex. Gen. Laws 5535, 6390-91 (same).

The brief submitted with your request also suggests that the county has no authority under any circumstances to provide legal representation to a state district judge. For the following reasons, we disagree.

As noted in the brief submitted with your request, a county is expressly authorized to provide legal representation for county officers and employees in certain circumstances under section 157.901 of the Local Government Code. A state district judge is not a county officer or employee for purposes of that provision, *see* Tex. Att'y Gen. Op. No. MW-252 (1980) at 2 (concluding that the statutory predecessor to section 157.901 of the Local Government Code did not "apply to district offices"), and a county does not have express authority to provide legal representation for district judges under any other statute. This office has recognized in several opinions, however, that political subdivisions have common-law authority to employ counsel to provide legal representation for their officers and employees and, with respect to counties, that section 157.901 does not supplant the common-law rule. *See* Tex. Att'y Gen. Op. Nos. JM-1276 (1990) at 11; JM-824 (1987) at 2-4; JM-755 (1987) at 2-3; MW-252 (1980) at 2. Thus, a county has authority to provide legal counsel in addition to the authority expressly provided in section 157.901.

Prior opinions restate the common-law rule as follows:

> Where a Texas governing body believes in good faith that the public interest is at stake, even though an officer is sued individually, it is permissible for the body to employ attorneys to defend the action. . . . The propriety of such a step is not made dependent upon the outcome of the litigation, but upon the bona fides of the governing body's motive.

Tex. Att'y Gen. Op. No. JM-755 (1987) at 1-2. These prior opinions emphasize that the authority of a political subdivision to employ counsel to defend officers and employees:

> is limited to situations where the legitimate interests of the [political subdivision] — and not just the personal interests of the officers or employees — require the assertion of a vigorous legal defense on behalf of the public interest. [A political subdivision] may

---

[1]We do not address whether section 74.141 of the Government Code authorizes the Attorney General to represent a state district judge in a mandamus proceeding in which the judge is not a real party in interest.

not use public funds when the principal interest to be defended is a purely private one.

Tex. Att'y Gen. Op. No. JM-824 (1987) at 2 (citations omitted). A political subdivision's governing body "need only determine that the public servant . . . acted in good faith within the scope of an official duty." *Id.* at 3 (citing *City Nat'l Bank of Austin v. Presidio County*, 26 S.W. 775 (Tex. Civ. App.–1894, no writ); Tex. Att'y Gen. Op. No. M-726 (1970)). Such a determination may be justified even if the suit contains allegations that the officer or employee acted outside the scope of his or her authority. *Id.*

Whether or not defense of a suit implicates a legitimate public interest is a question of fact to be resolved by the political subdivision's governing body in the first instance; this question cannot, as a general matter, be resolved in an attorney general opinion. *Id.* at 2-3.[2] While section 157.901 of the Local Government Code entitles county officials and employees to legal representation in certain circumstances, the common-law rule is permissive — it does not require the political subdivision to provide counsel. *See* Tex. Att'y Gen. Op. No. JM-1276 (1990) at 11.

This office recently concluded in Attorney General Opinion DM-488 that the common-law authority to defend an officer or employee in an action includes the authority to reimburse the officer's or employee's legal expenses after they have been incurred, provided that there is no statute preempting or limiting reimbursement. Tex. Att'y Gen. Op. No. DM-488 (1998) at 2. The opinion states that the common law requires a political subdivision to make two fact findings in order to reimburse legal expenses. First, the political subdivision must determine that the suit involved a public interest requiring a vigorous defense, or, conversely, that paying the legal fees serves a public, not merely the officer's or employee's private, interest. *Id.* Second, the political subdivision must determine that the officer or employee committed the alleged act or omission that was the basis of the lawsuit while acting in good faith and within the scope of official duties. *Id.* at 3. We are not aware of any statute preempting or limiting a county's authority to reimburse legal fees. As discussed above, this office has concluded that a county has common-law authority to provide legal counsel in addition to the authority expressly provided in section 157.901 of the Local Government Code. That provision does not supplant the common law. *See* attorney general opinions cited *supra* p. 2. We are not aware of any other statute that could be construed to preempt or limit a county's authority to reimburse legal fees. Accordingly, we conclude, based on Attorney General Opinion DM-488, that a county's common-law authority to provide a defense includes the authority to reimburse legal fees if the commissioners court makes the requisite findings of fact.

Significantly for our purposes here, a county's common-law authority to provide a defense is not limited to county officials and employees. This office has construed the common-law rule to permit a county to provide assistance to district attorneys and district judges in actions in which a county interest is at stake. *See* Tex. Att'y Gen. Op. Nos. JM-1276 (1990) at 11-12; MW-252 (1980); H-544 (1975). In Attorney General Opinion H-544, for example, this office concluded that a county

---

[2]In some cases, this office has concluded as a matter of law that a suit implicates only a private interest. *See, e.g.,* Tex. Att'y Gen. Op. Nos. DM-431 (1997) (county precluded as matter of law from paying legal expenses of county officer incurred in defending election contest); JM-685 (1987) (concluding that school district may not pay trustee's legal expenses incurred in defending election contest).

was authorized to pay the legal expenses of a district judge in a lawsuit in federal court arising from a court of inquiry conducted by the judge if the commissioners court determined that it was in the interests of the county to do so. While this office stated in a more recent opinion that a "county's authority to pay for such matters on behalf of non-county officials . . . must arise either expressly or impliedly by statute," Tex. Att'y Gen. Op. No. JM-1276 (1990) at 12, Attorney General Opinion H-544 based county authority to pay the legal expenses of the district judge on the common law alone, having expressly concluded that the legal expenses at issue were not costs within the meaning of the Code of Criminal Procedure provision that required a county to pay court of inquiry costs. Tex. Att'y Gen. Op. No. H-544 (1975) at 8.

We have reviewed the legislative history of section 74.141 of the Government Code which, as noted above, requires the Attorney General to represent state district judges when requested, to determine whether that provision was intended to affect the common-law authority of counties to provide assistance to district judges in actions in which a county interest is at stake. The statutory predecessor to section 74.141, former article 4412b, was enacted as House Bill 1738 in 1975.[3] As originally enacted, former article 4412b obligated the Attorney General to represent state district judges only in actions in federal court.[4] This language was deleted from article 4412b, added to the Court Administration Act, and codified in the Government Code in Senate Bill 687 in 1987.[5] At that time, the Attorney General's obligation to represent state district judges was expanded to encompass actions in any court.[6]

The legislative history of House Bill 1738 indicates that it was enacted in response to increased litigation against state district court judges and the lack of a uniform procedure for their representation: "Usually, [representation of district judges] is handled in an informal manner with the judge seeking assistance from a private lawyer, the local district attorney or from the Attorney General's Office."[7] Testimony before the House Judicial Affairs Committee indicates the bill resulted from concerns expressed by the Judicial Section of the State Bar of Texas.[8] Because district judges are state rather than county officials, county attorneys had no duty to defend them.[9] Testimony also noted the potential for local conflicts between district judges and district attorneys.[10] While the legislative history of House Bill 1738 clearly indicates that the legislature considered the

---

[3]*See* Act of May 14, 1975, 64th Leg., R.S., ch. 275, § 1, 1975 Tex. Gen. Laws 659, 659.

[4]*Id.*

[5]Act of June 1, 1987, 70th Leg., R.S., ch. 674, §§ 1.13, 1.14, 2.14, 1987 Tex. Gen. Laws 2507, 2510, 2516.

[6]*Id.* §§ 1.13, 2.14 (repeal effective Sept. 1, 1987).

[7]HOUSE COMM. ON JUDICIAL AFFAIRS, BILL ANALYSIS, Tex. H.B. 1738, 64th Leg., R.S. (1975).

[8]*Hearings on Tex. H.B. 1738 Before the House Comm. on Judicial Affairs*, 64th Leg., R.S. (Apr. 16, 1975) (statement of representative of Judicial Section of the State Bar) (tape available from House Video/Audio Services Office).

[9]*Id.*

[10]*Id.*

Attorney General the most reasonable choice to represent district judges,[11] the legislative history does not indicate that the legislature intended to strip counties of their common-law authority to provide assistance to district judges in actions in which a county interest is at stake.[12] Nor does the 1987 legislative history of Senate Bill 687, which expanded article 4412b and codified it in section 74.141 of the Government Code, indicate any legislative intent to limit the common-law authority of counties.[13]

In summary, neither the state nor a county is required to reimburse a state district judge for legal expenses incurred by the judge in defending a mandamus action. Section 74.141 of the Government Code merely entitles a state district judge to representation by the Attorney General; it does not obligate the state to pay for the defense of a state district judge when the judge retains private counsel without the prior approval of the Attorney General. A county has common-law authority to provide legal counsel for a state district judge if the commissioners court determines that legitimate county interests are at stake in the action. Under the common law, a county may reimburse a district judge for legal fees incurred in an action if the commissioners court finds (i) that the suit involved a county interest requiring a vigorous defense, or, conversely, that paying the legal fees serves a county, not merely the judge's private, interest and (ii) that the judge committed the alleged act or omission that was the basis of the lawsuit while acting in good faith and within the scope of official duties. The commissioners court's findings are subject to judicial review for abuse of discretion. *See Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997).

---

[11]*Id.*

[12]Attorney General Opinion H-544 was issued on March 4, 1975. House Bill 1738 was considered by the House Committee on Judicial Affairs on April 16, 1975; was passed by the House on April 25, 1975, and the Senate on May 14, 1975; and was signed by the Governor on May 20, 1975. The legislative history of House Bill 1738 makes no mention of Attorney General Opinion H-544.

[13]The express purpose of the bill was to remove certain technical difficulties and ambiguities arising in the implementation of the Court Administration Act. *See* HOUSE COMM. ON THE JUDICIARY, BILL ANALYSIS, Tex. S.B. 687, 70th Leg., R.S. (1987).

## S U M M A R Y

Neither the state nor a county is required to reimburse a state district judge for legal expenses incurred by the judge in defending a mandamus action. Section 74.141 of the Government Code does not obligate the state to pay for the defense of a state district judge when the judge retains private counsel without the prior approval of the Attorney General. While the county has no express statutory authority to provide legal counsel for a state district judge, a county has the authority to do so under common law if the commissioners court determines that legitimate county interests are at stake in the action. Under the common law, a county may reimburse a district judge for legal fees incurred in an action if the commissioners court finds (i) that the suit involved a county interest requiring a vigorous defense, or, conversely, that paying the legal fees serves a county, not merely the judge's private, interest and (ii) that the judge committed the alleged act or omission that was the basis of the lawsuit while acting in good faith and within the scope of official duties.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Mary Crouter
Assistant Attorney General