Opinion Issued February 12, 2004 
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01106-CV




ROBERT STUART KOELSCH; FRANCITA ULMER, f/k/a FRANCITA
STUART KOELSCH, INDIVIDUALLY AND AS INDEPENDENT
EXECUTOR OF THE ESTATE OF ROBERT C. STUART; AND FRANCES
HUBBARD KOELSCH, Appellants

V.

INDUSTRIAL GAS SUPPLY CORPORATION, Appellee




On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 0155291




O P I N I O N
          This is an appeal of summary judgment rendered for defendant/appellee,
Industrial Gas Supply Corporation, against plaintiffs/appellants, Robert Stuart
Koelsch; Francita Ulmer, f/k/a Francita Stuart Koelsch, Individually and as
Independent Executor of the Estate of Robert C. Stuart; and Frances Hubbard
Koelsch (collectively, the Koelsches), in their suit for trespass and inverse
condemnation. In two issues presented for review, the Koelsches contend that the
trial court erred in granting Industrial Gas’s motion for summary judgment and in
denying the Koelsches’ motion for partial summary judgment. We affirm.
FACTS
          The parties do not dispute the underlying facts in this case; thus, they submitted
a joint stipulation of material facts to the trial court. In 1944, before Bellfort Avenue
had been constructed in Houston, T.W. and Rose Williams conveyed to Defense Plant
Corporation an easement permitting the corporation, and its successors and assigns,
to:
lay, operate, renew, alter, inspect and maintain two pipe lines for the
transportation of oil, gas, petroleum products or any other material or
substance which can be transported through a pipeline, or any one or
more of said substances upon, over, under and through the following
described land . . . and Grantee at any and all reasonable times shall
have the right of ingress and egress to and from such pipe lines, and may
remove the same, in whole or in part, at will.
 
TO HAVE AND TO HOLD the said easements unto said Defense Plant
Corporation, its successors and assigns, so long as such structures or any
thereof are maintained.
 
By the acceptance hereof, Grantee agrees to bury such pipe lines so
that they will not interfere with the cultivation or drainage of the land,
and also to pay any and all damages to stock, crops, fences and land
which may be suffered from the construction, operation, renewal,
alteration, inspection or maintenance of such pipe lines.
(Emphasis added.) Defense Plant buried the pipe lines but constructed an above-ground block valve assembly, a necessary pipe line safety feature, on a portion of the
easement near Sims Bayou. 
          The Koelsches are the successors-in-interest to the Williamses, and Industrial
Gas is the successor-in-interest to Defense Plant. The Koelsches partitioned and sold
a portion of the land, including the land on which the block valve assembly was
located. In December 1993, as part of work being performed on Sims Bayou, the
Harris County Flood Control District required Industrial Gas to move the block valve
assembly. Industrial Gas relocated it approximately 1,000 feet to the west on land
still owned by the Koelsches.
          In 2001, the Koelsches sued Industrial Gas for trespass and inverse
condemnation, seeking relocation of the block-valve and damages. Both parties filed
motions for summary judgment. The trial court granted Industrial Gas’s motion and
denied the Koelsches’ motion, and this appeal ensued.
DISCUSSION
          In two issues presented for review, the Koelsches contend that the trial court
erred in rendering summary judgment for Industrial Gas and in denying the
Koelsches’ motion for partial summary judgment.
          Standard of Review
          When both sides move for summary judgment and the trial court grants one
motion but denies the other, we review all of the evidence, determine all questions
presented, and render the judgment the trial court should have rendered. 
Commissioners Court of Titus County v. Agan, 940 S.W.2d 77, 81 (Tex. 1997);
Stewart Title Guaranty Co. v. Hadnot, 101 S.W.3d 642, 644 (Tex. App.—Houston
[1st Dist.] 2003, pet. denied). The issues presented to the trial court here were
questions of law, not fact—that is, whether the terms of the easement permitted
Industrial Gas to relocate the block valve assembly and, if not, whether the Koelsches
may recover damages for trespass or inverse condemnation associated with the
relocation. We therefore must determine whether the trial court properly rendered
summary judgment on the law. See Tex. R. Civ. P. 166a (c). 
          Trespass and Inverse Condemnation
          A trespasser enters another’s property without express or implied permission. 
Mellon Mortg. Co. v. Holder, 5 S.W.3d 654, 671 (Tex. 1999). To recover for
trespass, a plaintiff must establish that the defendant committed an act exceeding the
bounds of any legal rights he may have possessed. See Murphy v. Fannin County
Elec. Coop., 957 S.W.2d 900, 903-04 (Tex. App.—Texarkana 1997, no pet.).
          Inverse condemnation occurs when property is taken, damaged, or destroyed
for public use without due process or proper condemnation proceedings. See City of
Abilene v. Burk Royalty Co., 470 S.W.2d 643, 646 (Tex. 1971); Allen v. City of Texas
City, 775 S.W.2d 863, 864 (Tex. App.—Houston [1st Dist.] 1989, writ denied).
          As Industrial Gas notes, an element essential to both causes of action is that the
act committed was without any legal authority. If the scope of the rights granted by
the easement included placement of the block valve assembly on the land, then the
act was authorized and the Koelsches cannot prevail on either claim.
          Scope of Easement
          An easement is a nonpossessory interest that authorizes its holder to use the
property for a particular purpose. Marcus Cable Assocs. v. Krohn, 90 S.W.3d 697,
700 (Tex. 2002). When considering the terms of an easement, we apply basic
principles of contract construction and interpretation. Id.; see also Adams v.
Norsworthy Ranch, Ltd., 975 S.W.2d 424, 427 (Tex. App.—Austin 1998, no pet.). 
The contracting parties’ intentions, as expressed in the grant, determine the scope of
the interest conveyed. Marcus Cable, 90 S.W.3d at 700-01. We read the terms of an
easement as a whole to reach an adequate interpretation of the parties’ intentions and
to carry out the purpose for which the easement was created. Id. at 701; DeWitt
County Elec. Coop. v. Parks, 1 S.W.3d 96, 101 (Tex. 1999). Unless the language is
ambiguous, we rely solely on the written instrument. Adams, 975 S.W.2d at 427-28. 
We assume that the parties intend for every clause to have some effect. Eastman
Software, Inc. v. Texas Commerce Bank, N.A., 28 S.W.3d 79, 85 (Tex.
App.—Texarkana 2000, pet. denied). When the provisions of a contract appear to
conflict, we harmonize them, if possible, to reflect the intentions of the parties. 
Ogden v. Dickinson State Bank, 662 S.W.2d 330, 332 (Tex. 1983); Dorsett v. Cross
106 S.W.3d 213, 220 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). To achieve
this objective, we examine and consider the entire contract to harmonize and give
effect to all its provisions, so that none will be rendered meaningless. Dorsett, 106
S.W.3d at 220. In harmonizing contractual provisions, we must favor terms stated
earlier in an agreement over subsequent terms. Id.
          The parties do not contest the geographical scope of the easement; rather, they
contest only the interpretation of the rights granted by the easement conveyance. The
Koelsches point out that while the conveyance expressly grants the right to “lay,
operate, renew, alter, inspect and maintain two pipe lines . . . upon, over, under and
through” the Koelsches’ land, it does not provide for an above-ground block valve
assembly. They point us to the Texas Supreme Court’s recent observation in regard
to an easement that nothing passes by implication except what is necessary to enjoy
the rights expressly granted. Marcus Cable, 90 S.W.3d at 701. The Koelsches also
point out that the subordinate clause expressly requires that the pipelines be buried.
Relying principally on Consolidated Foods Corporation v. Water Works and Sanitary
Sewer Board, 319 So.2d 261, 264-65 (Ala. 1975), they argue that the subordinate
clause renders the terms “upon, over, under and through” in the granting clause a
“mere prepositional litany” denoting a right of ingress and egress across appellants’
property. Alternatively, they argue that the “upon, over, under, and through”
language should be construed as referring only to the relative position of the buried
pipelines with respect to each other; that is, they argue that the easement permits
some pipelines to be laid above others under the ground. 
          In sum, the Koelsches argue that since the right to construct and relocate an
above-ground block valve assembly was not expressly granted and is inconsistent
with the subordinate clause’s requirement that the pipeline be buried, Industrial Gas
trespassed and harmed their land when it relocated the block valve assembly to
another part of the easement. We disagree.
          The granting clause expressly conveys the right to “lay, operate, renew, alter,
inspect and maintain two pipe lines . . . upon, over, under and through” the land. The
right to build a pipeline block valve assembly above the land and the right to maintain
and renew the block valve assembly in connection with the operation of the pipeline
are naturally encompassed by the plain language of the granting clause as rights
necessary to the enjoyment of the easement. Therefore, the Koelsches’ reliance on
Marcus Cable as support for their position that nothing passes by implication in an
easement except when it is necessary to enjoy the rights expressly conveyed is
misplaced. See Marcus Cable, 90 S.W.3d at 701. 
          Moreover, this interpretation of the granting clause is consistent with the
subordinate clause and gives meaning to and harmonizes the instrument as a whole.
It does not follow from the requirement in the subordinate clause that the pipelines
themselves be buried that every appurtenance necessary to the operation, maintenance
and renewal of a buried pipeline must likewise be buried, and any such construction
would render the words “upon, over, under, and through” meaningless. As the
Alabama court itself recognized in Consolidated Foods, “The language, ‘in, upon,
along and across, is not inconsistent with ‘under the ground.’” 294 Ala. at 264. The
difference between this case and Consolidated Foods is that the right conveyed by the
granting clause here is not merely a right of ingress of egress but a broader express
right to “lay, operate, renew, alter, inspect and maintain” the pipelines.
          Because Industrial Gas’s construction of an above-ground block valve
assembly and the placement of the assembly on a different portion of the easement
fall within the rights conveyed, we hold that the relocation was permitted by the
easement conveyance and could not, as a matter of law, constitute trespass or inverse
condemnation.


 
 
CONCLUSION
          The trial court did not err in granting Industrial Gas’s motion for summary
judgment and denying the Koelsches’ motion for partial summary judgment. We
overrule both issues presented for review. Given our disposition, we need not address
Industrial Gas’s arguments regarding a prescriptive easement.
          We affirm the trial court’s judgment.
 

                                                   Evelyn V. Keyes
                                                   Justice


Panel consists of Justices Taft, Keyes, and Bland.