

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 1, 2005

The Honorable Wally Hatch
District Attorney
64th and 242nd Judicial Districts
Hale County Courthouse
500 Broadway, Number 300
Plainview, Texas 79072

Opinion No. GA-0308

Re: Authority of a commissioners court to require a district attorney to relinquish a vehicle (RQ-0270-GA)

Dear Mr. Hatch:

Your predecessor in office asked about the authority of a commissioners court to require a district attorney to relinquish a vehicle.[1]

Your predecessor informed us that the Hale County Commissioners Court historically allocates funds each year to the district attorney's office to be used for that office's vehicles. *See* Request Letter, *supra* note 1, at 1. In 2003, the Commissioners Court budgeted $22,000 for the district attorney's office to purchase a vehicle, and with the money your predecessor purchased a 2003 model pickup truck. *See id.* The Commissioners Court informed your predecessor that in 2005 it will remove the pickup truck from your office and reallocate it for another county officer's use. *See id.* This vehicle reallocation is "to occur in conjunction with the implementation of a new County budget, commencing January 1, 2005," which is the beginning of Hale County's fiscal year.[2] According to your predecessor's letter, the Commissioners Court does not intend to provide in the budget for a replacement vehicle for your office.[3] *See* Request Letter, *supra* note 1, at 1.

---

[1]*See* Letter from Honorable Terry D. McEachern, District Attorney, 64th & 242nd Judicial Districts, to Honorable Greg Abbott, Texas Attorney General (Sept. 1, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Brief from Robert T. Bass, Attorney at Law, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General at 1 (Oct. 22, 2004) (submitted on behalf of the Hale County Commissioners Court) (on file with Opinion Committee).

[3]For purposes of this opinion we use the facts your predecessor provides us – that the Commissioners Court does not intend to replace the vehicle removed from the district attorney's budget. However, we note that in its brief to us, the Commissioners Court writes that it has proposed to budget a vehicle exchange whereby the district attorney's vehicle is exchanged with the precinct one constable's vehicle. *See generally id.*

As a result of this action, your predecessor asked two related questions.[4] He first asked: "Can the County Commissioners take a vehicle which has already been purchased and allocated to a department and allocate that particular vehicle to another department?" *Id.* at 2.

The general legislative authority of the county resides in the commissioners court. *See* TEX. CONST. art. V, § 18. The commissioners court is "the county's principal governing body," and its "powers and duties include . . . aspects of legislative, executive, administrative, and judicial functions." *Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 79 (Tex. 1997). The commissioners court has broad authority in the essentially legislative act of setting the fiscal priorities of the county. *See Comm'rs Court of Caldwell County v. Criminal Dist. Attorney, Caldwell County*, 690 S.W.2d 932, 934 (Tex. App.–Austin 1985, writ ref'd n.r.e.).

Related to your predecessor's question, the principal power of the commissioners court with respect to other county officers is the "power of the purse strings." Tex. Att'y Gen. Op. No. JC-0214 (2000) at 2. This office previously considered a question similar to your predecessor's and determined that should a commissioners court disagree with another county officer about the number of cars that office needs, it is within the commissioners court's authority to reduce that officer's vehicle allotment when the court next considers the budget. *See id.* at 5. Moreover, your predecessor concedes that this vehicle is entirely the county's property. *See* Telephone Conversation, *supra* note 4, at 1. Consequently, we conclude that a commissioners court is permitted to adopt a county budget in which a county vehicle that has been allocated to one county officer, here the District Attorney, is reallocated to another county officer.[5]

Your predecessor next asked: "If [the commissioners court is permitted to allocate vehicles in its budget in this way] what are the guidelines for such an action?" Request Letter, *supra* note 1, at 2.

A commissioners court's authority is limited to the extent that its refusal to approve a requested expenditure precludes an elected officer from carrying out the legal responsibilities of the office. *See Vondy v. Comm'rs Court*, 714 S.W.2d 417, 422 (Tex. App.–San Antonio 1986, writ ref'd

---

[4]Your predecessor's letter states that the vehicle was purchased with county money but had improvements made to it with your office's "discretionary funds." *See* Request Letter, *supra* note 1, at 1. We were informed subsequent to the request that in fact no discretionary funds were used to purchase the vehicle or any of its improvements. *See* Telephone Conversation with Terry McEachern, District Attorney (Dec. 14, 2004) [hereinafter Telephone Conversation]. Accordingly, we do not address your predecessor's third question about the district attorney's office's interest in any such improvements.

[5]Your predecessor relies on Attorney General Opinion JC-0214 as standing for the proposition that once a resource has been allocated to a county officer it is no longer subject to the commissioners court's budget-making authority; rather it is forever controlled by the county office to which the resource was allocated originally. *See* Request Letter, *supra* note 1, at 1; *see generally* Tex. Att'y Gen. Op. No. JC-0214 (2000). Instead, Attorney General Opinion JC-0214 stands for this proposition: A commissioners court may tell an official what resources it will place at the official's disposal every time it sets the county budget. But it may not micro-manage the official's decisions as to the use of those resources while those resources are allocated in the budget to that official. *See* Tex. Att'y Gen. Op. No. JC-0214 (2000) at 3.

n.r.e.) (stating that a commissioners court cannot attempt to restrict an elected officer in performance of required duties); Tex. Att'y Gen. Op. No. JC-0214 (2000) at 4 (quoting *Vondy*). "Whether a particular refusal precludes an elected officer from carrying out [that officer's] official duties is a question of fact that the commissioners court must determine in the first instance." Tex. Att'y Gen. Op. No. GA-0037 (2003) at 5.

In this case your predecessor does not suggest that the Commissioners Court's failure to allocate a replacement vehicle will preclude you from carrying out your official duties. *See* Request Letter, *supra* note 1. Nevertheless, whether the failure to replace your investigator's vehicle will prohibit you from carrying out your official duties is a question of fact to be answered by the Commissioners Court, subject to judicial review. We do not answer questions of fact in the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0156 (2004) at 8.

## S U M M A R Y

A commissioners court is permitted to adopt a county budget in which a county vehicle that has been allocated to one county officer is reallocated to another county officer. The commissioners court's budget-making authority is limited to the extent that its refusal to approve a requested expenditure precludes an elected officer from carrying out the legal responsibilities of the office.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee