Affirmed and Memorandum Opinion filed March 28, 2006









Affirmed
and Memorandum Opinion filed March 28, 2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00571-CV

____________

 

DUANE RUTHERFORD
AND DARLINE RUTHERFORD, Appellants

 

V.

 

MILLARD A. NORRED,
KENNETH H. LATIMER, FAY L. GEE, JOHN STOFER, WARREN J. CARROLL, AND GREENWOOD
FOREST FUND INC. D/B/A/ GREENWOOD FOREST PROPERTY OWNERS ASSOCIATION, Appellees

 



 

On Appeal from the 270th
District Court

Harris County, Texas

Trial Court Cause No. 04-58850

 



 

M E M O R A N D U M   O P I N I O N








Appellants Duane and Darline Rutherford
are homeowners in the Greenwood Forest subdivision in Houston.  They sued appellees Greenwood Forest Fund
Inc. d/b/a Greenwood Forest Property Owners Association (AGreenwood@) and Millard A.
Norred, Kenneth H. Latimer, Fay L. Gee, John Stofer, and Warren J. Carroll, who
are the members of the Greenwood Forest Property Owners Assocation=s Board of
Directors,[1]
to stop the proposed sale of a piece of land in the Greenwood Forest
subdivision.  Both parties filed motions
for summary judgment, and the trial court granted appellees= motion and denied
the Rutherfords= motion. 
In two issues, the Rutherfords argue that the trial court erred in
granting summary judgment for Greenwood. 
We affirm.[2]

                                                  Background

The property known as Reserve C is located
in the Greenwood Forest subdivision and contains a club house, tennis courts,
and other recreational facilities for subdivision residents and their
guests.  Reserve C was formerly owned by
the Greenwood Forest Residents Club, Inc., but in December 1998, that club
merged into the Greenwood Forest Property Owners Association, as reflected in
articles of merger, and title to Reserve C passed to the Property Owners
Association.

In 2004, Greenwood proposed to sell a
portion of Reserve C to the Champions Area Volunteer Fire Department, which
already had a fire station on a different portion of Reserve C.  The Rutherfords opposed the sale and filed
suit to stop it, arguing that Greenwood had no authority to sell the property
unilaterally.  After both sides moved for
summary judgment, the trial court granted Greenwood=s motion and
denied the Rutherfords= motion, stating, AThe Court finds
that Defendants are vested with the authority to sell all or a portion of
Reserve C . . . .@ 
This appeal followed.

                                           Standard of Review








The summary judgment movant has the burden
to show that no genuine issue of material fact exists and that it is entitled
to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  When both sides move for summary judgment and
the trial court grants one motion and denies the other, the reviewing court
should review the summary judgment evidence presented by both sides and
determine all questions presented.  Comm=rs Court v. Agan, 940 S.W.2d 77,
81 (Tex. 1997).  The reviewing court
should then render the judgment the trial court should have rendered.  Id.

                                                      Analysis

In their first issue, the Rutherfords
argue that Greenwood has no authority to unilaterally sell all or  part of Reserve C because it is ACommon Area@ under Greenwood=s governing
documents.  Section 204.010 of the Texas
Property Code sets forth powers of homeowners= associations,
including the following:

(a) Unless otherwise provided by
the restrictions or the association=s articles of incorporation or bylaws, the property owners= association, acting through its
board of directors or trustees, may:

. . . 

(20) exercise other powers that may
be exercised in this state by a corporation of the same type as the property
owners= association; and

(21) exercise other powers
necessary and proper for the governance and operation of the property owners= association.

(b) Powers enumerated by this
section are in addition to any other powers granted to a property owners= association by this chapter or
other law.








Tex. Prop. Code Ann. ' 204.010(a)(20)B(21), (b) (Vernon
Supp. 2005).  As a non-profit
corporation, Greenwood also has powers provided in the Texas Non-Profit
Corporation Act,[3]
which includes the power A[t]o sell, convey, . . . transfer, and
otherwise dispose of all or any part of its property and assets.@  Tex.
Rev. Civ. Stat. Ann. art. 1396-2.02, ' A(5) (Vernon
2003).

These statutes give homeowners
associations broad authority unless Aotherwise provided@ in their
governing documents.  Such limitations
must be specifically stated.  Brooks
v. Northglen Ass=n, 141 S.W.3d 158, 169 (Tex. 2004).  Silence on an issue cannot Aotherwise
provide[].@  Id.;
see also Brooks v. Northglen Ass=n, 76 S.W.3d 162,
167 (Tex. App.CTexarkana 2002) (AWe can find no
instance where silence on the subject has been construed as >otherwise
providing.=@), rev=d in part on other
grounds, 141 S.W.3d 158 (Tex. 2004). 
Thus, the powers provided in these statutes need not be enumerated in a
homeowners association=s governing documents.  See Candlelight Hills Civic Ass=n, Inc. v. Goodwin, 763 S.W.2d 474,
478B79 (Tex. App.CHouston [14th
Dist.] 1998, writ denied) (A[I]n addition to
the express provisions in the restrictive covenants, the appellant is inhered
with the powers and purposes enumerated in its articles of incorporation and
bylaws. . . . The interaction of the Non-Profit Corporation Act is seen in its
authorization of the purchase of real property without the need for an express
enumeration of this power.@).








Greenwood clearly has the statutory power
to sell property unless Aotherwise provided@ by its governing
documents.  Thus, we analyze those
documents.  The articles of merger
specify that Reserve C will be owned by the Greenwood Property Owners  Association Aas part of the
Common Areas.@ 
Later in the articles of merger, in a section amending Greenwood=s articles of
incorporation, Greenwood is given power Ato acquire, own,
construct, reconstruct, operate and maintain recreational facilities as part of
the Common Areas . . . , including specifically but without limitation, all of
Reserve >C.=@  This provision is silent on the issue of
selling Common Areas; indeed, another provision confers broad general power to
sell real property.  Appellant fails to
identify any portion of the governing documents that explicitly limits
Greenwood=s power to sell its property.  Given the statutory grant of authority to
sell property, in addition to the power granted in the governing documents and
their silence on the specific issue of selling Common Area, we hold that
Greenwood had authority to sell Reserve C. 
Accordingly, we overrule the Rutherfords= first issue.

In their second issue, the Rutherfords
argue that because the restrictions applicable to Common Areas do not include
the right to sell, those restrictions must be waived before Greenwood can
sell.  Because we have already determined
that the Common Area restrictions do not prohibit Greenwood from selling the
property, there is no need for any restrictions to be waived before Greenwood
can do so.  We overrule the Rutherfords= second issue.

We affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Opinion Memorandum filed March 28, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.











[1]  In their
appellate brief, the Rutherfords explicitly abandoned their claims against the
individual members of the board and are proceeding only against the
association.





[2]  In a third
issue, the Rutherfords contend that because they are entitled to summary
judgment, they are also entitled to attorneys=
fees.  Because we conclude the trial
court properly granted Greenwood=s
summary judgment motion, we overrule this issue as well.





[3]  In addition,
the articles of merger, in a section amending Greenwood=s articles of incorporation, specifically authorize it
Ato have and exercise any and all powers, rights and
privileges which a corporation organized and existing under the Texas
Non-Profit Corporation Act may by law now or hereafter have and exercise.@