March 22, 2012

Ms. Jeanna Willhelm
Winkler County Auditor
Post Office Drawer O
Kermit, Texas 79745

Opinion No. GA-0916

Re: Whether a county treasurer, county auditor, or a county human resources officer is responsible for the performance of various duties involving disbursement and endorsement (RQ-0998-GA)

Dear Ms. Willhelm:

You ask four questions related to various duties of the county treasurer. As background, you explain that the Winkler County Commissioners Court has reassigned the human resources duties from the county treasurer to another position supervised by the county auditor.[1] Those reassigned duties include payroll preparation, FICA deposits, quarterly payroll reports, and handling W-2 forms. Request Letter at 1.

In your first two questions, you ask whether sections 113.041 and 113.042 of the Local Government Code require that "the County Treasurer must personally and physically stuff, mail or distribute all accounts payable and payroll checks," and "input the data, send direct deposit file, and print the checks for accounts payable and payroll." *Id.* at 1–2. Alternatively, you ask if the Human Resources office or the County Auditor's office can perform these duties. *Id.* Local Government Code section 113.041 states, "[t]he county treasurer shall disburse the money belonging to the county and shall pay and apply the money as required by law and as the commissioners court may require or direct, not inconsistent with law." TEX. LOC. GOV'T CODE ANN. § 113.041(a) (West Supp. 2011). In addition, Local Government Code subsection 113.042(a) states, "[o]n the presentation of an order for payment, check, or voucher drawn by a proper authority, and if there are sufficient funds for payment on deposit in the account against which the instrument is drawn, the county treasurer shall endorse on the face of the instrument the order to pay the named payee and shall charge the amount in the treasurer's records to the fund on which it is drawn." *Id.* § 113.042(a).

The Texas Supreme Court addressed a situation similar to that described in your letter in *Commissioners Court of Titus County v. Agan*. In that case a commissioners court divested a county

---

[1]Letter from Jeanna Willhelm, Winkler Cnty. Auditor, to Honorable Greg Abbott, Tex. Att'y Gen. (Sept. 19, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

treasurer of payroll responsibilities and transferred those responsibilities to a county auditor. *Agan*, 940 S.W.2d 77, 78 (Tex. 1997). The court concluded that a commissioners court was authorized to transfer payroll *preparation* duties from a county treasurer to a county auditor because "[t]he Legislature has not assigned payroll preparation responsibilities to any county official." *Id.* at 81. Payroll preparation duties addressed in the court's opinion included "collecting timesheets from all county departments, entering timesheet data into the county computer system to generate payroll deductions for FIT, FICA, Medicare, insurance, retirement, and child support payments" and preparing W-2's,1099's, and payroll checks. *Id.* at 79; *see also id.* at 82 (listing the five duties that must be performed by the county treasurer and explaining that the remaining payroll responsibilities could be assigned to the county auditor).

However, the court went on to hold that "the Commissioners Court cannot delegate to the County Auditor any payroll responsibility which requires actual disbursement, payment, or application of county funds." *Id.* at 82; *see id.* at 80 (stating that "[e]numerated or core functions are fundamental to the County Treasurer's office and the Commissioners Court cannot take core functions from the County Treasurer"). Specifically, the court concluded that, among other tasks, depositing payroll funds and making federal income tax deposits with the bank were responsibilities involving disbursement of county funds that must be performed by the county treasurer. *Id.* at 82. Some of the tasks you describe appear to be payroll preparation responsibilities, which are not core functions that must be performed by the county treasurer. However, some of the tasks you describe appear to involve the actual disbursement of county money. By enacting Local Government Code sections 113.041 and 113.042, the Legislature designated the county treasurer as the official responsible for disbursing county funds and endorsing county payments to payees. As a result, the commissioners court may not reassign those duties elsewhere.[2] *See* TEX. CONST. art V, § 18(b) (commissioners court "shall exercise such powers . . . as is conferred by this Constitution and the laws of the State").[3] We do not opine on each specific task about which you inquire but instead leave it to the commissioners court to delegate tasks in a manner consistent with chapter 113 and the case law interpreting that chapter.

---

[2]We note that provisions of the Local Government Code allow the county treasurer to delegate tasks to other persons in certain circumstances. Chapter 151 gives the county treasurer authority to appoint a deputy treasurer. Tex. Att'y Gen. Op. No. JC-0276 (2000) at 1–2; TEX. LOC. GOV'T CODE ANN. § 151.001(a) (West 2008). Section 83.005 allows the county treasurer, in a county that does not have a deputy county treasurer, to appoint a person to act in the treasurer's place if the treasurer is absent, unavoidably detained, incapacitated, or unable to act. TEX. LOC. GOV'T CODE ANN. § 83.005 (West 2008).

[3]With regard to your first three questions, you additionally ask whether our answers also apply to a county hospital's accounts and payroll checks. Request Letter at 1–2. A county hospital is generally governed by a board of managers, the members of which are appointed by the county commissioners court. TEX. HEALTH & SAFETY CODE ANN. § 263.041(a) (West 2010). However, all bills and accounts, including salaries and wages, of a county hospital are paid "in the same manner that other charges against the county are paid." *Id.* § 263.053(b); Tex. Att'y Gen. Op. No. GA-0618 (2008) at 2. The county treasurer's general duties therefore apply to the accounts of a county hospital.

Your third question asks, "[i]f [the] County Treasurer signs the signature card for an account in the County Treasury, does that account have to be reconciled by [the] County Treasurer [under Local Government Code section 113.008]." Request Letter at 2. Local Government Code subsection 113.008(d) states:

> The county treasurer shall:
>
> (1)   reconcile *all* balances and transactions for each treasury account in the county depository's statement of activity to the transactions and balances shown on the treasurer's records; and
>
> (2)   ensure all financial adjustments are made regarding the depository account as required.

TEX. LOC. GOV'T CODE ANN. § 113.008(d) (West Supp. 2011) (emphasis added). The plain language of the statute clearly requires the county treasurer to reconcile all balances and transactions for each treasury account. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006) (explaining that if a statute is clear, we apply the statute's words according to their common meaning). No exception is made for those accounts where the county treasurer has signed the signature card.

Your final question asks, "[i]n regard to deposits made in the County Treasury, does the County Treasurer have to physically receipt the funds deposited by other County Officers the same day they are taken to the bank or can she receipt them later using the date the deposit was made?" Request Letter at 2. You reference Senate Bill 373, section 2 in relation to this question. *Id.* Senate Bill 373, section 2 amends Code of Criminal Procedure article 103.004, which simply requires any officer who collects obligations recovered in the name of the state to "deposit the money in the county treasury as soon as possible, but not later than the fifth regular business day after the date that the money is collected."[4] Nothing in Senate Bill 373 or Code of Criminal Procedure article 103.004 requires that the county treasurer issue a receipt for funds deposited by other county officers on the same day they are taken to the bank, nor have we found any other statutory authority requiring the county treasurer to do so. *Cf.* TEX. LOC. GOV'T CODE ANN. §§ 112.054 (explaining that the treasurer shall give a receipt to any person who pays into the treasury but not specifying a time in which to do so), 113.002 (requiring the treasurer to keep an account of receipts of all money that the treasurer receives) (West 2008).

---

[4]Act of May 19, 2011, 82d Leg., R.S., ch. 606, § 2, 2011 Tex. Gen. Laws 1465, 1465 (now codified at TEX. CODE CRIM. PROC. ANN. § 103.004).

## S U M M A R Y

By enactment of Local Government Code sections 113.041 and 113.042, the Legislature has designated the county treasurer as the official to perform the disbursement of county funds and to endorse payments to county payees, and the commissioners court may not reassign those duties elsewhere.

Pursuant to Local Government Code subsection 113.008(d), the county treasurer must reconcile all balances and transactions for each treasury account. No exception is made for those accounts where the county treasurer has signed the signature card.

Nothing in Senate Bill 373 or Code of Criminal Procedure article 103.004 requires that the county treasurer issue a receipt for funds deposited by other county officers on the same day they are taken to the bank.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee