**C.N. COSBY, Appellant,**

v.

**The COUNTY COMMISSIONERS OF RANDALL COUNTY,**
**Texas, Appellee.**

**No. 07–85–0245–CV.**

Court of Appeals of Texas, Amarillo.

June 10, 1986.

Rehearing Denied July 1, 1986.

---

Jim B. Brown and Bob Blinderman, Canyon, for appellant.

Randall Sherrod, Dist. Atty., Wayne Bagley, Asst. Dist. Atty., Canyon, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant C.N. Cosby brings this appeal from a summary judgment in favor of appellee, the County Commissioners of Randall County, hereinafter County Commissioners Court. Appellant, acting pro se, filed this suit asking, in essence, for injunctive relief and a declaratory judgment that the appellee had no right to demolish what appellant referred to as the "old courthouse" prior to a vote of the people of Randall County. In due course appellee also requested a declaratory judgment concerning the question presented and moved for summary judgment. After hearing, the trial court entered judgment that appellee did "have the statutory and constitutional authority to demolish the structure owned by the County of Randall which is known as the 1909 former courthouse." We affirm that judgment.

In one point of error, appellant says the trial court erred in granting the summary

judgment because appellee does not, as a matter of law, have such authority. The summary judgment evidence shows that appellee, on February 13, 1984, entered an order finding that for various reasons enumerated in the order it was "prohibitive economically, if not impossible altogether" to maintain and keep the building in question. On the same date, and in compliance with the requirements of Tex.Rev.Civ.Stat. Ann. art. 6145 § 14(1) (Vernon Supp.1986), appellee gave notice of its intent to demolish the building. On March 19, 1984, appellee, by resolution, designated a building in Canyon, the county seat, previously known as "The Justice Building" as the Randall County Courthouse. It is the position of appellant that, once a courthouse is constructed, that particular courthouse must be maintained and continued absent a necessity not caused by the Commissioners Court, such as destruction of the building by act of God.

■ It is well established that Commissioners Courts, such as appellee, may exercise only such powers as the Constitution or the statutes have specifically conferred upon them. *Renfro v. Shropshire*, 566 S.W.2d 688, 690 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). However, in the exercise of the powers conferred upon the court, that court has implied authority to exercise a broad discretion to accomplish the purposes intended. *Canales v. Laughlin*, 147 Tex. 169, 214 S.W.2d 451, 453 (1948); *Anderson v. Wood*, 137 Tex. 201, 152 S.W.2d 1084, 1085 (1941); *Schope v. State*, 647 S.W.2d 675, 678 (Tex.App.—Houston [14th Dist.] 1982, pet. for disc. rev. ref'd); *Hill v. Sterrett*, 252 S.W.2d 766, 770 (Tex.Civ.App.—Dallas 1952, writ ref'd n.r.e.); *Dodson v. Marshall*, 118 S.W.2d 621, 623 (Tex.Civ.App.—Waco 1938, writ dism'd).

■ Tex. Const. art. V § 18 provides that the Commissioners Court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." There are no other constitutional provisions relevant to this case and we proceed to a consideration of statutes bearing on the question in this case. Parenthetically, we note the rule that constitutional and statutory provisions conferring authority upon the Commissioners Court should be broadly and liberally construed to ascertain the scope of the authority granted either expressly or by necessary implication. *Canales v. Laughlin*, 214 S.W.2d at 453; *El Paso County v. Elam*, 106 S.W.2d 393, 395 (Tex.Civ.App.—El Paso 1937, no writ).

■ Tex.Rev.Civ.Stat.Ann. art. 1603 (Vernon 1962) * provides that a Commissioners Court, as soon as practicable, shall provide a "court house and jail for the county, and offices for county officers at such county seat and keep the same in good repair." Article 2351(7), as in effect at the times pertinent hereto, provided that the Commissioners Court shall "[p]rovide and keep in repair court houses, jails and all necessary public buildings." We agree with appellant that these statutes impose a duty upon appellee to provide a courthouse for the county and to keep it in good repair. However, followed to its logical conclusion, appellant's argument would require that, absent an act of God, the Commissioners Court must keep and maintain a courthouse, once established, in perpetuity, regardless of any change in circumstances. We cannot agree. The requirement to furnish and maintain a courthouse would give the Commissioners Court the right to decide when, where, and what kind of repairs are necessary. Indeed, it has been specifically decided that the intent of the law was to leave to the discretion and judgment of the Commissioners Court the decision as to when the necessities of a county require the building or repairing of courthouses and its decision on those matters is final. *See McWilliams v. Commissioners' Court of Pecos County*, 153 S.W. 368, 372 (Tex.

* Future references to article numbers in this opinion are to those articles of the Texas Revised Civil Statutes Annotated.

Civ.App.—El Paso 1913, no writ). It naturally follows that the Commissioners Court would also have the right to determine when the necessities of the county required remodeling, enlarging, or additions to the courthouse. It also logically follows that if, in its assessment of the necessities of the county, the court should decide that the replacement of an existing courthouse would better serve the needs of a county, it would be able to do so, even if that replacement necessitated the demolition of an existing structure.

Our conviction that this is so is strengthened by the legislature's act in adopting article 6145 § 14. That section provides:

Sec. 14. (1) No county may demolish, sell, lease, or damage the historical or architectural integrity of any courthouse of the county, present or past, without first giving six months notice to the Texas Historical Commission.

(2) If, after notice, the Commission determines that a courthouse has historical significance worthy of preservation, the Commission shall notify the commissioners court of the county within 30 days after receiving notice from the county. A county may not demolish, sell, lease, or damage the historical or architectural integrity of any such courthouse for 180 days after receiving notice from the Commission. The Commission shall cooperate with interested persons during the 180-day period to preserve the historical integrity of any such courthouse.

(3) A county may carry out ordinary maintenance and repairs without notice to the Commission.

It would hardly have been necessary to adopt this provision if the legislature had not recognized that the Commissioners Court in its conduct of the county's business had the power to demolish "any courthouse of the county, present or past." In summary, we hold that the power to replace and demolish an existing former courthouse is a necessary inference from the constitutional grant to the Commissioners Court of jurisdiction of the county's business and the statutory mandate to provide and maintain courthouses, jails, and public buildings.

Appellant also argues that the summary judgment should not have been granted because "there is a material issue of fact as to whether or not the new Justice Building is an auxiliary facility, and therefore, cannot be the Randall County Courthouse." However, since that contention was not expressly presented to the trial court as a reason to defeat appellee's summary judgment motion, it is not cognizable on appeal as a ground to avoid the summary judgment rendered. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex.1979).

The action of the Commissioners Court was within its jurisdiction and, there being no evidence of a gross abuse of discretion, or of fraud or collusion, that action is binding and conclusive. *West Production Co. v. Penn*, 131 S.W.2d 131, 132 (Tex.Civ.App.—San Antonio 1939, writ ref'd). Appellant's point of error is overruled and the judgment of the trial court affirmed.