

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

July 10, 1989

Honorable Jimmy F. Davis
Castro County District Attorney
Castro County Courthouse
Dimmitt, Texas 79027-2689

Opinion No. JM-1070

Re: Whether a commissioners court is authorized to set working hours and holidays for road employees in a county that has ex officio road commissioners (RQ-1710)

Dear Mr. Davis:

You ask whether the commissioners court of Castro County is authorized to establish working hours and holidays for road employees in a county that has ex officio road commissioners.

You furnish us with a copy of the personnel policy adopted by the commissioners court in 1983. The policy adopted by the court applies "to all employees of Castro County," and provides the following work schedule:

1. The normal work week shall consist of 40 hours; eight hours per day, Monday through Friday.

2. The responsible elected official will determine the reporting time and leaving time for the employees so as to achieve maximum effectiveness of the county.

You advise that since the Fair Labor Standards Act was held applicable to counties,[1] the commissioners court in 1986 adopted a policy that the county would avoid overtime whenever possible and use compensatory time when feasible. See Attorney General Opinion JM-733 (1987). Additional

---

1. See Garcia v. San Antonio Metro. Transit Auth., 469 U.S. 528 (1985).

information furnished by you reflects that the commissioners court on January 12, 1987, and again on January 9, 1989, adopted by resolution the system of organizing the commissioners court for road construction that constitutes members of the court as ex officio road commissioners. V.T.C.S. art. 6702-1, §§ 3.001-3.004. You advise that a question has arisen concerning the authority of the commissioners court to set the "normal work week" for road employees.

Section 3.001(a) provides:

> (a) In all counties [operating under sections 3.001-3.004] the members of the commissioners court are ex officio road commissioners of their respective precincts <u>and under the direction of the commissioners court</u> have charge of the teams, tools, and machinery belonging to the county and placed in their hands by the court. They shall superintend the laying out of new roads, the making or changing of roads, and the building of bridges <u>under rules adopted by the court</u>. (Emphasis added.)

Additional authority granted a member of the court serving as an ex officio road commissioner is set forth in section 3.003(a), providing:

> (a) <u>Subject to authorization by the commissioners court</u>, each ex officio road commissioner may employ persons for positions in the commissioner's precinct paid from the county road and bridge funds. Each ex officio road commissioner may discharge any county employee working in the commissioner's precinct if the employee is paid from county road and bridge funds. Each ex officio road commissioner also has the duties of a supervisor of public roads as provided by Section 2.009 of this Act.

Section 2.009 authorizes a commissioner serving as an ex officio road commissioner to supervise the public roads in his respective precinct. The commissioner shall report to each regular term of the commissioners court the condition of the roads and bridges in his precinct, the amount of money in the hands of overseers subject to being expended on roads, and the name of every overseer who has failed to perform his duty.

Article V, section 18, of the Texas Constitution provides that the commissioners court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." In the exercise of power conferred upon the commissioners court, the court has implied authority to exercise a broad discretion to accomplish the purposes intended. Cosby v. County Commissioners of Randall County, 712 S.W.2d 246 (Tex. App. - Amarillo 1986, writ ref'd n.r.e.). See generally Attorney General Opinion JM-801 (1987) (nepotism statute prevents ex officio road commissioner from hiring son of another road commissioner).

Section 2.002 of article 6702-1 provides in pertinent part that:

> (a) The commissioners court shall:
>
> (1) order that public roads be laid out, opened, discontinued, or altered when necessary
> . . . . [and]
>
> (b) The commissioners court may:
>
> (1) make and enforce all reasonable and necessary rules and orders for the construction and maintenance of public roads except as prohibited by law;
>
> (2) hire the labor and purchase the machinery and equipment needed to construct and maintain public roads.

In Brooks, County and Special District Law, 36 Tex. Pract. § 40.7, at 405 (1989), the following comment is made relative to the foregoing provisions of section 2.002:

> These provisions essentially mean that the county roads are open, constructed, and maintained by the commissioners court as a whole and not by individual county commissioners. However, county commissioners serving as ex officio road commissioners may employ personnel for their precinct subject to commissioners court approval. [V.T.C.S. art. 6702-1, § 3.003(a).] Otherwise, all road contracts, purchases of road equipment

> and materials, and the employment of person-
> nel are consummated by actions of the commis-
> sioners court acting as a body. In practice,
> however, individual commissioners have sub-
> stantial influence over contracts awarded,
> personnel hired, and the purchase of road
> material. They do not, however, have any
> authority to legally bind the county for the
> most part.
>
> The commissioners court can employ
> personnel, execute contracts, and purchase
> equipment for a commissioner's precinct over
> his objection. [Attorney General Opinion
> V-1424 (1952).] The employment of road per-
> sonnel and the execution of road contracts
> must be acted upon by the commissioners court
> as a body and is an authority that cannot be
> delegated to another such as the county
> judge. [Attorney General Opinion V-532
> (1948).] In short, even though each county
> commissioner is responsible for supervising
> road work in his precinct and keeping himself
> informed as to road conditions, he generally
> has little further authority.

The commissioners court sets the amount of compensation
for county and precinct employees paid wholly from county
funds. Local Gov't Code § 152.011 (formerly V.T.C.S. art.
3912k, § 1). In Attorney General Opinion MW-438 (1982) it
was concluded that sick leave benefits, vacation entitlement
and paid holidays for county and precinct employees
constitute a form of compensation (under then article 3912k,
V.T.C.S.) and that the determination of same is within the
sole province of the commissioners court.

In Attorney General Opinion JM-182 (1984) it was con-
cluded that the commissioners court is not authorized to
establish working hours for elected county officials. In
that opinion it was stated that there is no general state
law which dictates office hours or the work week to be
observed by county officials and employees. While there is
no express state law authorizing the commissioners court to
determine the working hours for road employees, we believe
the control granted the commissioners court in the matters
of hiring road employees, setting compensation, determining
sick leave, vacation entitlement and paid holidays for all
county and precinct employees necessarily gives the commis-
sioners court implied authority to establish working hours
and holidays for road employees.

## S U M M A R Y

The commissioners court is authorized to determine the working hours and holidays for road employees in a county that operates under the ex officio road commissioners system pursuant to section 3.001(a) of article 6702-1, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General