The COMMISSIONERS COURT OF TI-
TUS COUNTY, Texas and Carl John-
son, County Auditor, Petitioners

v.

Cynthia AGAN, County Treasurer
of Titus County, Texas,
Respondent.

No. 96–0683.

Supreme Court of Texas.

Argued Nov. 21, 1996.
Decided Feb. 21, 1997.

78

Charles J. Hlavinka, Robert W. Weber, Texarkana, for petitioners.

Gary Shaver, Gregory P. Grajczyk, Longview, for respondent.

BAKER, Justice.

The issue in this case is whether the Commissioners Court of Titus County may divest the County Treasurer of payroll preparation responsibilities and transfer these responsibilities to the County Auditor. The County Treasurer filed a declaratory judgment action challenging the Commissioners Court's action. Both parties moved for summary judgment. In addition to their summary judgment evidence, the parties filed a joint stipulation of uncontested facts. The trial court denied the County Treasurer, Cynthia Agan's (Agan), summary judgment and granted the Commissioners Court's summary judgment. The trial court denied the Commissioners Court recovery of attorneys' fees. The court of appeals reversed the trial court's judgment and rendered judgment for the County Treasurer. That court also ordered the Commissioners Court to return the payroll preparation responsibilities to the treasurer's office and to adequately fund the treasurer's office. The court of appeals affirmed the trial court's denial of attorneys' fees for the Commissioners Court.

We conclude the Commissioners Court did not abuse its discretion when it transferred the payroll preparation duties from the County Treasurer's office to the County Auditor's office. However, we find that the Commissioners Court exceeded its authority by transferring certain other functions from the County Treasurer to the County Auditor's office. These functions belong to the County Treasurer's office. We affirm the court of appeals' denial of attorneys' fees to the Commissioners Court. Accordingly, we affirm in part and otherwise reverse the court of appeals' judgment and render judgment accordingly.

## I. FACTS

The summary judgment evidence and the stipulated uncontested facts show that Agan is the elected County Treasurer in Titus County. In 1987, Titus County hired a part-

time assistant County Treasurer, or payroll clerk, whose primary duty was preparing the county payroll. From 1987 until 1994, Agan and her assistant prepared the county payroll. In 1994, the Titus County Commissioners Court amended the county budget to combine administrative duties involving county payroll, the insurance program, personnel, and receiving purchase orders and their payment into one full-time position assigned to the County Auditor's office. These responsibilities had previously been divided between the payroll clerk in the County Treasurer's office and a part-time employee in the County Auditor's office, who had recently resigned. The County Treasurer's payroll clerk transferred to the County Auditor's office to fill this new position. The effect of these changes is to remove payroll preparation responsibilities from Agan and transfer them to the County Auditor's office.

As a County Auditor employee, the payroll clerk performs the same functions as she did in the County Treasurer's office. Her duties include: (1) collecting timesheets from all county departments, entering timesheet data into the county computer system to generate payroll deductions for FIT, FICA, Medicare, insurance, retirement, and child support payments; (2) making FIT deposits with bank; (3) making child support deposits with appropriate offices; (4) depositing payroll funds; (5) paying insurance premiums; (6) preparing insurance claims; (7) wiring payments to third party administrators; (8) answering questions about insurance claims or payments; (9) preparing and transmitting W–2's and 1099's; and (10) preparing payroll checks. After the payroll clerk completes these functions, she delivers the payroll checks with the timesheets to the County Treasurer, Agan, for verification, signature, and disbursement. As a result, Agan's payroll preparation responsibilities are diminished and she is the only person in her office.

## II. PROCEDURAL HISTORY

In response to the Commissioners Court's actions, Agan sued the Commissioners Court seeking to declare the decision illegal and to order the payroll function back to her office. The trial court granted the Commissioners

Court's motion for summary judgment and denied Agan's motion for summary judgment. The trial court held that the Commissioners Court could legally give the auditor's office the payroll responsibilities. However, the trial court refused to award the Commissioners Court attorney's fees. Agan appealed.

The court of appeals reversed the trial court and rendered judgment for Agan. The court of appeals rested its decision on two Attorney General decisions, Op.Tex. Att'y Gen. No. JM–911 (1988) and Op.Tex. Att'y Gen. No. JM–986 (1988). These opinions reason that the County Treasurer must prepare the county payroll because the payroll functions are so intimately linked that the payroll functions cannot be divorced from preparing the checks. Following this logic, the court of appeals decided that payroll preparation responsibilities must rest with the County Treasurer. The court of appeals affirmed the trial court's decision to deny the Commissioners Court its attorney's fees. The Commissioners Court appealed.

## III. STANDARD OF REVIEW

■ Our Constitution establishes the Commissioners Court as the county's principal governing body. TEX. CONST. art. V, § 18. The powers and duties of the Commissioners Courts include aspects of legislative, executive, administrative, and judicial functions. *Avery v. Midland County*, 390 U.S. 474, 482, 88 S.Ct. 1114, 1119, 20 L.Ed.2d 45 (1968); *Ector County v. Stringer*, 843 S.W.2d 477, 478 (Tex.1992).

Our Constitution vests appellate jurisdiction and general supervisory control over a County Commissioners Court with the district court subject to such exceptions and under such regulations as the law may prescribe. TEX. CONST. art. V, § 8. With a few narrow exceptions, the Legislature has not prescribed procedures for the district court's exercise of this appellate jurisdiction or supervisory control. *Ector County*, 843 S.W.2d at 479. The enabling legislation empowering the district court repeats the Constitution's terms. TEX. GOV'T CODE § 24.020; *see also* 35 DAVID BROOKS, COUNTY & SPECIAL DISTRICT LAW § 5.11 (Tex. Practice 1989).

■ Case law defines the scope of the district court's jurisdiction. A party can invoke the district court's constitutional supervisory control over a Commissioners Court judgment only when the Commissioners Court acts beyond its jurisdiction or clearly abuses the discretion conferred upon the Commissioners Court by law. *Ector County*, 843 S.W.2d at 479 (*citing Tarrant County v. Shannon*, 129 Tex. 264, 104 S.W.2d 4, 9 (1937)).

■ If the Commissioners Court acts illegally, unreasonably, or arbitrarily, a district court may so adjudge. *Ector County*, 843 S.W.2d at 479 (*citing Lewis v. City of Fort Worth*, 126 Tex. 458, 89 S.W.2d 975, 978 (1936)). However, in reviewing a Commissioners Court judgment for abuse of discretion, the district court has no right to substitute its judgment and discretion for that of the Commissioners Court. *Ector County*, 843 S.W.2d at 479 (*citing Lewis*, 89 S.W.2d at 978). The district court may order the Commissioners Court to exercise its discretion, but cannot tell the Commissioners what decision to make. *Ector County*, 843 S.W.2d at 479. Once the Commissioners Court exercises its discretion, the district court may review the order for abuse of discretion. *Ector County*, 843 S.W.2d at 479.

## IV. APPLICABLE LAW

Our Constitution creates the County Treasurer's office:

> Except as otherwise provided by this section, the Legislature shall prescribe the duties and provide for the election by the qualified voters of each county in this State, of a County Treasurer and a County Surveyor, who shall have an office at the county seat, and hold their office for four years, and until their successors are qualified; and shall have such compensation as may be provided by law.

TEX. CONST. art. XVI, § 44(a). This section establishes the County Treasurer's office, but gives the Legislature the responsibility to prescribe the treasurer's duties.

The Legislature established the County Treasurer's duties in § 113 of the Local Government Code. The County Treasurer's enumerated functions include:

> The county treasurer, as chief custodian of county funds, shall keep in a designated depository and shall account for all money belonging to the county.

TEX. LOC. GOV'T CODE § 113.001.

> The county treasurer shall keep an account of the receipts and expenditures of all money that the treasurer receives by virtue of the office and of all debts due and owed by the county. The treasurer shall keep accurate, detailed accounts of all the transactions of the treasurer's office.

TEX. LOC. GOV'T CODE § 113.002.

> The county treasurer shall receive all money belonging to the county from whatever source it may be derived.

TEX. LOC. GOV'T CODE § 113.003.

> The county treasurer shall disburse the money belonging to the county and shall pay and apply the money as required by law and as the commissioners court may require or direct, not inconsistent with law.

TEX. LOC. GOV'T CODE § 113.041(a). Enumerated or core functions are fundamental to the County Treasurer's office and the Commissioners Court cannot take core functions from the County Treasurer. The Commissioners Court may provide funds for adequate personnel and supplies, if necessary, to permit the County Treasurer to perform the functions of the office. TEX. LOC. GOV'T CODE § 83.006.

■ Several other statutes apply to the County Treasurer, but do not grant the County Treasurer exclusive power to perform specific functions. For example, § 155.021 considers deductions. That section states, "[t]he County Treasurer or, *if another officer is specified by law*, that other officer shall make deductions from, or take other similar actions with regard to, the compensation of county employees...." TEX. LOC. GOV'T CODE § 155.021 (emphasis added). If the statutory language is clear and unambiguous we give the statute its common everyday meaning. *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex.1983). This statute's ordinary meaning allows the County Treasurer or another county official to con-

duct the described function. Consequently, the Commissioners Court does not abuse its discretion when it delegates a function the Legislature has not exclusively delegated to the County Treasurer to another appropriate county official.

■ The Texas Uniform Declaratory Judgments Act allows the trial court to award reasonable and necessary attorney's fees and costs as are equitable and just. *See* TEX.CIV.PRAC. & REM.CODE § 37.009. The decision to grant or deny attorney's fees and costs is within the trial court's sound discretion. *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985). We do not reverse the trial court's denial of attorney's fees unless the complaining party shows a clear abuse of discretion. *Oake,* 692 S.W.2d at 455.

## V. APPLICATION OF LAW TO FACTS

■ When, as here, both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides and determine all questions presented. *See Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex. 1988). The reviewing court should render such judgment as the trial court should have rendered. *Jones,* 745 S.W.2d at 900. If a party brings the case to this Court and we reverse the court of appeals, we should render the judgment that the court of appeals should have rendered. *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400–01 (1958).

■ Our Constitution does not specifically designate the county office which must prepare the payroll. Instead, it leaves this task to the Legislature. The Legislature has not assigned payroll preparation responsibilities to any county official. Though the Legislature has enumerated several functions that cannot be taken away from the County Treasurer, preparing the payroll is not one of them.

The budgetary decision to transfer the payroll preparation responsibilities to the County Auditor's office is a legislative function for which the Commissioners Court receives broad discretion. *See generally* TEX. CONST. art. II, § 1 (discussing separation of powers). Because the Legislature has not assigned payroll preparation responsibilities, the Commissioners Court acting in its legislative capacity may delegate the responsibilities to an appropriate county official. The County Auditor is an appropriate county official. This is so because the County Auditor has the authority to perform the clerical functions associated with payroll preparation. *See* TEX.LOC. GOV'T CODE § 152.051 (stating that county payroll officer means County Auditor within this subchapter); TEX.LOC. GOV'T CODE § 155.002(a)(2) (requiring payroll deductions to be submitted to the County Auditor).

Another statute suggests that anyone the Commissioners Court authorizes has the authority to administer payroll. TEX.LOC. GOV'T CODE § 155.062(a)(2) (requiring insurance deduction requests to be submitted to county officer authorized by Commissioners Court to administer payroll deductions). Thus, the Commissioners Court did not exceed its authority in transferring the payroll preparation responsibilities to the County Auditor.

In reaching its contrary conclusion, the court of appeals relied on two Attorney General opinions, Op.Tex. Att'y Gen. No. JM–911 (1988), and Op.Tex. Att'y Gen. No. JM–986 (1988). JM–911 held that the County Treasurer is the only officer to whom the payroll function may be delegated because the County Treasurer is the official authorized to pay and apply county money under TEX.LOC. GOV'T CODE § 113.041(a). Op.Tex. Att'y Gen. JM–911 at 4144 (1988). The Attorney General decided that this responsibility is not constitutionally or legislatively mandated but falls within the penumbra of the treasurer's ministerial core functions. Op.Tex. Att'y Gen. JM–911 at 4143 (1988). JM–986 applied this rationale to counties with populations less than 190,000, holding: (1) the County Treasurer is the proper county officer to conduct county payroll deductions; (2) the Commissioners Court must approve the county payroll and issue warrants in payments of salaries; and (3) the Commissioners Court can delegate the ministerial task of preparing salary warrants to the County Treasurer. Op.Tex. Att'y Gen. JM–986 at 3781 (1988).

While Attorney General's opinions are persuasive they are not controlling on the courts. *Holmes v. Morales,* 924 S.W.2d 920, 924 (Tex.1996). We disagree with the Attorney General's conclusion that the payroll preparation functions fall within the County Treasurer's core functions because the Legislature has not mandated those functions to another county official. It is clear that the Legislature has mandated that the County Treasurer must receive all money belonging to the county from whatever source derived and the County Treasurer must disburse and apply county funds. *See* Tex.Loc. Gov't Code §§ 113.003 and 113.041(a). Conversely, we conclude the Commissioners Court may transfer any payroll responsibility to the County Auditor that the Legislature has not specifically delegated to the County Treasurer.

Several of the transferred payroll responsibilities involve disbursing county funds. Specifically, the County Treasurer must: (1) make FIT deposits with the bank; (2) make child support deposits with appropriate offices; (3) wire insurance payments to third party administrators; (4) deposit payroll funds; and (5) pay insurance premiums. Because the Legislature has given the treasurer the exclusive power to disburse funds, the Commissioners Court acted beyond its authority in transferring these functions to the County Auditor. The Commissioners Court may properly assign the remaining payroll responsibilities to the County Auditor because they do not involve disbursement, payment, or application of county funds. However, the Commissioners Court must allow the County Treasurer to perform those functions legislatively delegated to her. There is no indication in the record before us that the County Treasurer will require additional personnel or funding to perform these functions.

The trial court rendered judgment for the Commissioners Court but refused to grant the Commissioners Court attorney's fees. The trial court has the discretion to deny attorney's fees in declaratory judgment actions. *See Oake,* 692 S.W.2d at 455. The record does not show that the trial court abused its discretion.

## VI. CONCLUSION

The Legislature has assigned the County Treasurer certain core functions. The Commissioners Court cannot allocate the County Treasurer's core functions to any other officer, including the County Auditor. If the Legislature does not specifically assign a duty to the County Treasurer, that duty is not one of the County Treasurer's core functions. The Commissioners Court may, within its discretion, assign those non-core functions to other county officials the Legislature authorizes to perform those functions.

Because payroll preparation responsibilities are non-core functions of the County Treasurer's office, the Commissioners Court can assign the payroll preparation responsibilities to the County Auditor's office. However, the Commissioners Court cannot delegate to the County Auditor any payroll responsibility which requires actual disbursement, payment, or application of county funds. These duties are core functions of the County Treasurer's office.

Therefore, we hold the Commissioners Court properly transferred the payroll preparation responsibilities to the County Auditor. We hold the Commissioners Court exceeded its authority and improperly transferred to the County Auditor the functions of: (1) making FIT deposits with the bank; (2) making child support deposits with appropriate offices; (3) wiring insurance payment to third party administrators; (4) depositing payroll funds; and (5) paying insurance premiums because they involve actual disbursement, payment, or application of county funds. However, this does not preclude the County Auditor's office from preparing the documents necessary to deposit, disburse, pay, or apply county funds, subject to the County Treasurer's approval, just as the County Auditor prepares payroll checks subject to the County Treasurer's approval.

We reverse the court of appeals' judgment for Agan, and render judgment that the Commissioners Court properly transferred payroll preparation responsibilities to the County Auditor's office. We further render

judgment that the Commissioners Court improperly transferred functions that require disbursement, payment, or application of county funds. These responsibilities must remain in the County Treasurer's office. We affirm the court of appeals' judgment denying attorney's fees to the Commissioners Court.