# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-06-00412-CV

**Constable Gary Griffin, Williamson County Precinct 1, Appellant**

**v.**

**Lisa Birkman, County Commissioner Precinct 1; Cynthia Long, County Commissioner Precinct 2; Valerie Covey, County Commissioner Precinct 3; Ron Morrison, County Commissioner Precinct 4; and Dan A. Gattis, County Judge, Appellees[1]**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 05-1039-C368, HONORABLE JAMES F. CLAWSON JR., JUDGE PRESIDING

### O P I N I O N

Constable Gary Griffin appeals from the trial court's judgment against him in his suit for declaratory judgment asking that the court find that appellees (collectively "the County Commissioners Court"[2]) lacked authority to transfer funding for the Williamson County Mental Health Unit from his office to that of the Williamson County Sheriff. We will affirm the trial court's judgment.

---

[1] This suit was originally brought against Lisa Birkman, Greg Boatright, S. Thomas McDaniel, Frankie Limmer, and John Doerfler. Other than Lisa Birkman, the successors-in-office have been substituted. *See* Tex. R. App. P. 7.2(a) (automatic substitution of public officer when officer is party in official capacity).

[2] The language in the Texas Constitution establishing the "County Commissioners Court" does not use an apostrophe in "Commissioners." *See* Tex. Const. art. V, § 18; 35 David B. Brooks, *Texas Practice: County and Special District Law* § 5.2 & n.1 (2d ed. 2002). We will use the spelling as it appears in the Texas Constitution.

## Factual and Procedural Background

Williamson County has a "Mental Health Unit," a team of law enforcement officers who have specialized training in responding to mental health emergencies. This unit had been under the direction of the constable for Precinct One for eight years. In October 2005, however, the County Commissioners Court formed a committee to study the issue of the best placement for the Mental Health Unit. For the budget year 2005-06, the unit remained in Precinct One, with funding for six mental health deputies and two mental health supervisors. Griffin and four deputy constable positions were also funded.[3]

The current litigation was precipitated by events that occurred on October 19, 2005. Griffin ordered all Precinct One deputies to stop responding to mental health calls. His chief deputy contacted the Williamson County 911 dispatcher and all local law enforcement officials and notified them that Griffin's office would no longer respond to mental health emergencies or transport the mentally ill and mentally disabled. The County Commissioners Court convened an emergency meeting on October 20, 2005, and decided to transfer funding for the Mental Health Unit from the Precinct One Constable's budget to the Sheriff's office. The Sheriff had authorized, but unfilled, positions available that he offered to the mental health deputies. The funding and ancillary resources, such as cars, for these positions were transferred from the Precinct One Constable's budget to the Sheriff's budget.

---

[3] Ordinarily, a Williamson County constable would only have two deputy constables and an administrative staff member.

Griffin filed suit for declaratory judgment with ancillary injunctive relief requested. The temporary injunction was denied. The County Commissioners Court moved for both a traditional and a no-evidence summary judgment; the trial court granted a general summary judgment.

In four issues on appeal, Griffin contends that the trial court erred in granting summary judgment because: (1) once the County Commissioners Court adopts the annual budget, the Commissioners lack authority to amend that budget for the purposes of interfering with or countermanding the decision of a constable as to how to deploy his deputies during that fiscal year; (2) local government code section 111.104(b) could not serve as authority for the Williamson County Commissioners Court to cut Constable Griffin's original annual budget because that section only gives authority to a Commissioners Court to make an emergency "expenditure" that increases the county's original budget; (3) even if section 111.041(b) could be read to authorize a budget cut, summary judgment was inappropriate given the genuine fact issue of whether a "grave public necessity" existed when Constable Griffin temporarily deployed his deputies to serve criminal warrants and civil papers while deciding on a case-by-case basis whether to take mental health calls or let the Sheriff's office handle them, and no admissible evidence was introduced that a single mental health call went unanswered or that such calls would go unanswered in the future; and (4) local government code section 111.041(c) does not give the Williamson County Commissioners Court authority to "transfer" budgeted amounts to budget items that were created by the "transfer" order that did not exist in the original annual budget. We will hold that the County Commissioners Court had the authority to make the budget transfer, overruling issue four, and hold that the

transfer did not improperly interfere with Griffin's "sphere of authority," overruling issue one.[4]

Before reaching the merits of the case, we will discuss the County Commissioners Court's motion to dismiss the appeal.

## Discussion

### *Mootness*

The County Commissioners Court moved to dismiss this appeal for mootness because Griffin's complaint is about a budget transfer that occurred in fiscal year 2006 and the county is now operating under a new budget for fiscal year 2007. The mootness doctrine limits courts to deciding cases in which an actual controversy exists. *Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988). A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal. *In re Kellogg Brown & Root*, 166 S.W.3d 732, 737 (Tex. 2005). A dispute over attorneys' fees is a live controversy. *McElroy v. City of Temple*, 208 S.W.3d 471, 474 (Tex. App.—Austin 2006, pet. denied) (citing *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005)). Griffin sued for a declaratory judgment, injunctive relief, and attorneys' fees. Although the fiscal year at issue has ended, a decision that the County Commissioners Court acted improperly, thus reversing the trial court's judgment, would necessitate a remand to the trial court to consider whether an award of attorneys' fees to Griffin would be appropriate. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1997). Therefore, we

---

[4] Because of our disposition of the case, it is not necessary to discuss issues two and three concerning the existence of an emergency. *See* Tex. R. App. P. 47.1 (opinion to be as brief as practicable, but address every issue raised and *necessary* to final disposition of appeal).

overrule the County Commissioners Court's motion to dismiss and consider the merits of Griffin's claims on appeal.

***Standard of Review***

This Court reviews the granting of a motion for summary judgment under a *de novo* standard of review. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Under this standard, the Court exercises its own judgment and redetermines each issue of fact and law. *See Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998). No deference is given to the original tribunal's decision. *Id.* If a trial court's order does not specify the ground or grounds relied on for its ruling, then summary judgment will be affirmed on appeal if any theory advanced is meritorious. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). The appellate court may review and affirm on any ground the movant presented to the court in its motion for summary judgment, regardless whether the trial court identified the ground relied on to grant the summary judgment. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996). Appellants moved for both a no-evidence and a traditional summary judgment on the ground that as a matter of law, the County Commissioners Court did not violate Texas law by moving the responsibility for the Mental Health Unit to the Sheriff's Office. *See Young Ref. Corp. v. Pennzoil*, 46 S.W.3d 380, 385-86 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

The budget transfer order made by the County Commissioners Court is reviewed for an abuse of discretion. *See Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 79-80 (Tex. 1997) (citing *Ector County v. Stringer*, 843 S.W.2d 477, 479 (Tex. 1992)). Once the County Commissioners Court exercises its discretion, the district court may review the order only for abuse

of discretion, and is limited to a review of whether the Court, by its order, acted illegally, unreasonably, or arbitrarily. *See Agan*, 940 S.W.2d at 980. In reviewing a Commissioners Court order for abuse of discretion, the court has no right to substitute its judgment and discretion for that of the Commissioners Court. *Id*.

***County Commissioners Court***

The Texas Constitution provides that the County Commissioners Court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." Tex. Const. art. V, § 18. Thus, the Texas Constitution established the Commissioners Court as the county's principal governing body. *Agan*, 940 S.W.2d at 79. The powers and duties of the Commissioners Court include aspects of legislative, executive, administrative, and judicial functions. *Id.* (citing *Avery v. Midland County*, 390 U.S. 474, 482 (1968); *Ector County v. Stringer*, 843 S.W.2d 477, 478 (Tex. 1992)). In the exercise of its powers and jurisdiction over county business, the County Commissioners Court has implied authority to exercise broad discretion to accomplish the purposes intended. *See Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948); *Cosby v. County Comm'rs of Randall County*, 712 S.W.2d 246, 248 (Tex. App.—Amarillo 1986, writ ref'd n.r.e.). Constitutional and statutory provisions conferring authority upon the Commissioners Court should be broadly and liberally construed to ascertain the scope of the authority granted either expressly or by necessary implication. *Canales*, 214 S.W.2d at 453; *Cosby*, 712 S.W.2d at 248.

The County Commissioners Court has extensive authority over the county's budget, including the power to determine the number and compensation of employees, deputies, assistants,

6

and clerks to be given to a particular department. *See Abbott v. Pollack*, 946 S.W.2d 513, 517 (Tex. App.—Austin 1997, writ denied). The County Commissioners Court has the statutory authority to amend the budget by: authorizing emergency expenditures in the case of a grave public necessity; transferring an amount budgeted for one item to another budgeted item; and changing the budget for county purposes. Tex. Loc. Gov't Code Ann. §§ 111.041, 111.0415 (West 2006).

The County Commissioners Court, however, does not have unlimited powers over county government. Each elected county official has a delegated sphere of authority that cannot be invaded. *See Pritchard & Abbott v. McKenna*, 350 S.W.2d 333, 335 (Tex. 1961). This sphere of authority covers only those duties that the Texas Constitution and statutes specifically delegate to the officer. *Id*. The protected "sphere of authority" does not protect discretionary duties that are outside the "core duties" of the elected official. *Agan*, 940 S.W.2d at 79.

The Texas Constitution creates the constable's office. Art. V, § 18. The general powers and duties of a constable are specified in the local government code:

> (a) A constable shall execute and return as provided by law each process, warrant, and precept that is directed to the constable and is delivered by a lawful officer. Notices required by Section 24.005, Property Code, relating to eviction actions are process for purposes of this section that may be executed by a constable.
>
> [(b), (c), (d); geographic authorizations and restraints]
>
> (e) The constable shall attend each justice court held in the precinct.

7

Tex. Loc. Gov't Code Ann. § 86.021 (West 2006). The operation of a mental health unit is not contained within the list of "core duties" as set out by the legislature.[5]

The shift of duties and funding from one county office to another in this case appears to fall within the ambit of *Agan*. In *Agan*, the County Commissioners Court of Titus County transferred payroll preparation responsibilities from the County Treasurer to the County Auditor. 940 S.W.2d at 78. From 1987 until 1994 a payroll clerk working for the Treasury prepared the county payroll. In 1994, the Commissioners Court amended the budget to combine administrative duties involving county payroll, the insurance program, personnel, and receiving purchase orders and their payment into one full-time position assigned to the County Auditor. *Id*. at 79. These duties had previously been divided between the payroll clerk and a part-time employee in the Auditor's office, who had recently resigned. *Id*. The Treasury employee transferred to the Auditor's office to fill this position. *Id*. After enumerating various core functions of the Treasurer's office, the court noted that payroll preparation responsibilities had not been assigned to any county official in particular and thus were not a core function of the Treasurer. *Id*. at 81-82. Therefore, acting in its legislative capacity, the Commissioners Court was able to delegate the responsibilities to an appropriate county official and had the power to transfer the payroll duties to the Auditor. *Id*. The court then noted that the Treasurer was given the exclusive power to disburse funds, and the Commissioners could not transfer functions involving fund disbursement to the auditor. *Id*. The court concluded: "If the

[5] We note that, in his brief, Griffin refers to handling mental health calls "in addition to their 'core' Constable duties serving criminal warrants, civil papers, and providing a bailiff to the JP Court." In other words, Griffin acknowledges that handling mental health calls was not a core function of the office.

Legislature does not specifically assign a duty to the County Treasurer, that duty is not one of the county Treasurer's core functions. The Commissioners Court may, within its discretion, assign those non-core functions to other county officials the legislature authorizes to perform those functions." *Id*. at 82.

In the current case, the County Commissioners Court transferred funding for a number of jobs from the constable to the sheriff. These officers were not performing a core function of the constable's office. Accordingly, under *Agan,* the County Commissioners Court had the discretion to assign these non-core functions to another official authorized to perform those duties. Although *Agan* did not expressly discuss the timing of the transfer in that case, because the opinion referred to "amending" the budget, it appears comparable to the budget amendment at issue in this case as an event that occurred after the start of the fiscal year. We note that *Agan* did not address the budget transfer authority under Texas Local Government Code section 111.041(c). We now discuss this section as another basis for the County Commissioners Court's authority to transfer these funds.

### Section 111.041(c) Transfer Authority

The Texas Local Government Code gives budgetary transfer authority to the Commissioners Court: "The Commissioners' Court by order may amend the budget to transfer an amount budgeted for one item to another budgeted item without authorizing an emergency expenditure." Tex. Loc. Gov't Code Ann. § 111.041(c) (West 1999). In this case, the Sheriff had open positions. He used those positions to offer employment to the mental health deputies. The funding for these deputies was transferred from the budget item for the Precinct One Constable to the Sheriff. Such a transfer in the form of a "rehire" of employees by one precinct from another

9

precinct, with the funds originally budgeted for the first precinct of employment following the employees to their new precinct, was approved in an attorney general opinion. *See* Op. Tex. Att'y Gen. No. DM-158 at 5 (1992).

Griffin asserts that transfer must be a line-item to line-item transfer; in other words, because the Sheriff did not have a line item for each transferred position labeled "mental health deputy," no transfer could occur. A previous version of the transfer authority under section 111.041 did contain a limitation that a "budget surplus" could be transferred to a budget item of "similar kind and fund" as long as the total budget was not increased. *See Hooten v. Enriquez*, 863 S.W.2d 522, 529-30 (Tex. App.—El Paso 1993, no writ) (dealing with propriety of mechanism used to create "surplus" to transfer money from County Clerk to Record Office). However, the 75th legislature amended this section to the current version quoted above, removing the "like kind" and "surplus" restrictions. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 1197, § 3, 1997 Tex. Gen. Laws 4612. We decline to read into the statute a new restriction not supported by its plain language.

Further, the Williamson County budget does not show individual salaries as separate line items; each department's budget simply shows a total for salaries, FICA, and other categories of expenditures. For example, the Commissioner's budget for Precinct One simply shows an "object code" of 001100 for "salaries" with a total of $139,815 allocated for salaries. The Precinct Two budget, under the same object code and label, shows a total of $145,285 allocated for salaries. Similarly, each of these two precincts shows an "object code" of 002010 for "FICA" with totals of $10,920 and $11,115, respectively, allocated for this item. The order authorizing the budget transfer contains a chart labeled, "Line Item Transfers for Transfer of Mental Health Unit from Dept. 551

10

[Constable, Precinct One] to Dept. 560 [Sheriff]." Under "Line Item" 1100, "Salaries," it shows the Precinct One current budget allocating a lump sum of $509,370.00, with a transfer to the Sheriff of a lump sum $229,363.49. The transfer budget tracks the format of the county budget with a lump-sum line item for FICA, retirement, and other categories of expenses. Although the County Auditor maintains a budget showing each salary as a separate line item for accounting control purposes, that is not the adopted budget of Williamson County as approved by the County Commissioners Court that was subject to amendment. *See* Tex. Loc. Gov't Ann. § 111.008 (West Supp. 2007) (adoption of budget), 111.009 (approved budget filed with county clerk and posted on county website).

## Conclusion

We have concluded that the budget transfer was authorized by the local government code and did not improperly intrude into Constable Griffin's sphere of authority. Accordingly, the Willliamson County Commissioners Court was entitled to summary judgment in its favor. We affirm the trial court's judgment.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed:   November 28, 2007

11