TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00412-CV






Constable Gary Griffin, Williamson County Precinct 1, Appellant



v.



Lisa Birkman, County Commissioner Precinct 1; Cynthia Long, County Commissioner
Precinct 2; Valerie Covey, County Commissioner Precinct 3; Ron Morrison,

County Commissioner Precinct 4; and Dan A. Gattis, County Judge, Appellees (1)





FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 05-1039-C368, HONORABLE JAMES F. CLAWSON JR., JUDGE PRESIDING 






O P I N I O N




 Constable Gary Griffin appeals from the trial court's judgment against him in his
suit for declaratory judgment asking that the court find that appellees (collectively "the County
Commissioners Court" (2)) lacked authority to transfer funding for the Williamson County Mental
Health Unit from his office to that of the Williamson County Sheriff. We will affirm the trial court's
judgment.

Factual and Procedural Background


 Williamson County has a "Mental Health Unit," a team of law enforcement officers
who have specialized training in responding to mental health emergencies. This unit had been under
the direction of the constable for Precinct One for eight years. In October 2005, however, the County
Commissioners Court formed a committee to study the issue of the best placement for the Mental
Health Unit. For the budget year 2005-06, the unit remained in Precinct One, with funding for six
mental health deputies and two mental health supervisors. Griffin and four deputy constable
positions were also funded. (3)

 The current litigation was precipitated by events that occurred on October 19, 2005. 
Griffin ordered all Precinct One deputies to stop responding to mental health calls. His chief deputy
contacted the Williamson County 911 dispatcher and all local law enforcement officials and notified
them that Griffin's office would no longer respond to mental health emergencies or transport the
mentally ill and mentally disabled. The County Commissioners Court convened an emergency
meeting on October 20, 2005, and decided to transfer funding for the Mental Health Unit from the
Precinct One Constable's budget to the Sheriff's office. The Sheriff had authorized, but unfilled,
positions available that he offered to the mental health deputies. The funding and ancillary
resources, such as cars, for these positions were transferred from the Precinct One Constable's
budget to the Sheriff's budget.

 Griffin filed suit for declaratory judgment with ancillary injunctive relief requested. 
The temporary injunction was denied. The County Commissioners Court moved for both a
traditional and a no-evidence summary judgment; the trial court granted a general summary
judgment.

 In four issues on appeal, Griffin contends that the trial court erred in granting
summary judgment because: (1) once the County Commissioners Court adopts the annual budget,
the Commissioners lack authority to amend that budget for the purposes of interfering with or
countermanding the decision of a constable as to how to deploy his deputies during that fiscal year;
(2) local government code section 111.104(b) could not serve as authority for the Williamson County
Commissioners Court to cut Constable Griffin's original annual budget because that section only
gives authority to a Commissioners Court to make an emergency "expenditure" that increases the
county's original budget; (3) even if section 111.041(b) could be read to authorize a budget cut,
summary judgment was inappropriate given the genuine fact issue of whether a "grave public
necessity" existed when Constable Griffin temporarily deployed his deputies to serve criminal
warrants and civil papers while deciding on a case-by-case basis whether to take mental health
calls or let the Sheriff's office handle them, and no admissible evidence was introduced that a single
mental health call went unanswered or that such calls would go unanswered in the future; and
(4) local government code section 111.041(c) does not give the Williamson County Commissioners
Court authority to "transfer" budgeted amounts to budget items that were created by the "transfer"
order that did not exist in the original annual budget. We will hold that the County Commissioners
Court had the authority to make the budget transfer, overruling issue four, and hold that the
transfer did not improperly interfere with Griffin's "sphere of authority," overruling issue one. (4) 
Before reaching the merits of the case, we will discuss the County Commissioners Court's motion
to dismiss the appeal.


Discussion



Mootness


 The County Commissioners Court moved to dismiss this appeal for mootness because 
Griffin's complaint is about a budget transfer that occurred in fiscal year 2006 and the county is now
operating under a new budget for fiscal year 2007. The mootness doctrine limits courts to deciding
cases in which an actual controversy exists. Camarena v. Texas Employment Comm'n, 754 S.W.2d
149, 151 (Tex. 1988). A case becomes moot if a controversy ceases to exist between the parties at
any stage of the legal proceedings, including the appeal. In re Kellogg Brown & Root, 166 S.W.3d
732, 737 (Tex. 2005). A dispute over attorneys' fees is a live controversy. McElroy v. City of
Temple, 208 S.W.3d 471, 474 (Tex. App.--Austin 2006, pet. denied) (citing Allstate Ins. Co.
v. Hallman, 159 S.W.3d 640, 642 (Tex. 2005)). Griffin sued for a declaratory judgment, injunctive
relief, and attorneys' fees. Although the fiscal year at issue has ended, a decision that the County
Commissioners Court acted improperly, thus reversing the trial court's judgment, would necessitate
a remand to the trial court to consider whether an award of attorneys' fees to Griffin would
be appropriate. See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1997). Therefore, we
overrule the County Commissioners Court's motion to dismiss and consider the merits of Griffin's
claims on appeal.


Standard of Review


 This Court reviews the granting of a motion for summary judgment under a de novo
standard of review. See Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). Under
this standard, the Court exercises its own judgment and redetermines each issue of fact and law. See
Quick v. City of Austin, 7 S.W.3d 109, 116 (Tex. 1998). No deference is given to the original
tribunal's decision. Id. If a trial court's order does not specify the ground or grounds relied on for
its ruling, then summary judgment will be affirmed on appeal if any theory advanced is meritorious. 
See Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001). The appellate court may review
and affirm on any ground the movant presented to the court in its motion for summary judgment,
regardless whether the trial court identified the ground relied on to grant the summary judgment. 
Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex. 1996). Appellants moved for both
a no-evidence and a traditional summary judgment on the ground that as a matter of law, the County
Commissioners Court did not violate Texas law by moving the responsibility for the Mental Health
Unit to the Sheriff's Office. See Young Ref. Corp. v. Pennzoil, 46 S.W.3d 380, 385-86
(Tex. App.--Houston [1st Dist.] 2001, pet. denied).

 The budget transfer order made by the County Commissioners Court is reviewed for
an abuse of discretion. See Commissioners Court of Titus County v. Agan, 940 S.W.2d 77, 79-80
(Tex. 1997) (citing Ector County v. Stringer, 843 S.W.2d 477, 479 (Tex. 1992)). Once the County
Commissioners Court exercises its discretion, the district court may review the order only for abuse
of discretion, and is limited to a review of whether the Court, by its order, acted illegally,
unreasonably, or arbitrarily. See Agan, 940 S.W.2d at 980. In reviewing a Commissioners Court
order for abuse of discretion, the court has no right to substitute its judgment and discretion for that
of the Commissioners Court. Id.


County Commissioners Court


 The Texas Constitution provides that the County Commissioners Court "shall
exercise such powers and jurisdiction over all county business, as is conferred by this Constitution
and the laws of the State, or as may be hereafter prescribed." Tex. Const. art. V, § 18. Thus, the
Texas Constitution established the Commissioners Court as the county's principal governing body. 
Agan, 940 S.W.2d at 79. The powers and duties of the Commissioners Court include aspects of
legislative, executive, administrative, and judicial functions. Id. (citing Avery v. Midland County,
390 U.S. 474, 482 (1968); Ector County v. Stringer, 843 S.W.2d 477, 478 (Tex. 1992)). In the
exercise of its powers and jurisdiction over county business, the County Commissioners Court has
implied authority to exercise broad discretion to accomplish the purposes intended. See Canales
v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948); Cosby v. County Comm'rs of Randall County,
712 S.W.2d 246, 248 (Tex. App.--Amarillo 1986, writ ref'd n.r.e.). Constitutional and statutory
provisions conferring authority upon the Commissioners Court should be broadly and liberally
construed to ascertain the scope of the authority granted either expressly or by necessary implication. 
Canales, 214 S.W.2d at 453; Cosby, 712 S.W.2d at 248.

 The County Commissioners Court has extensive authority over the county's budget,
including the power to determine the number and compensation of employees, deputies, assistants,
and clerks to be given to a particular department. See Abbott v. Pollack, 946 S.W.2d 513, 517
(Tex. App.--Austin 1997, writ denied). The County Commissioners Court has the statutory
authority to amend the budget by: authorizing emergency expenditures in the case of a grave public
necessity; transferring an amount budgeted for one item to another budgeted item; and changing the
budget for county purposes. Tex. Loc. Gov't Code Ann. §§ 111.041, 111.0415 (West 2006).

 The County Commissioners Court, however, does not have unlimited powers over
county government. Each elected county official has a delegated sphere of authority that cannot be
invaded. See Pritchard & Abbott v. McKenna, 350 S.W.2d 333, 335 (Tex. 1961). This sphere of
authority covers only those duties that the Texas Constitution and statutes specifically delegate to
the officer. Id. The protected "sphere of authority" does not protect discretionary duties that are
outside the "core duties" of the elected official. Agan, 940 S.W.2d at 79.

 The Texas Constitution creates the constable's office. Art. V, § 18. The general
powers and duties of a constable are specified in the local government code:


 (a) A constable shall execute and return as provided by law each
process, warrant, and precept that is directed to the constable and is
delivered by a lawful officer. Notices required by Section 24.005,
Property Code, relating to eviction actions are process for purposes
of this section that may be executed by a constable.


 [(b), (c), (d); geographic authorizations and restraints]


 (e) The constable shall attend each justice court held in the precinct.


Tex. Loc. Gov't Code Ann. § 86.021 (West 2006). The operation of a mental health unit is not
contained within the list of "core duties" as set out by the legislature. (5)

 The shift of duties and funding from one county office to another in this case appears
to fall within the ambit of Agan. In Agan, the County Commissioners Court of Titus County
transferred payroll preparation responsibilities from the County Treasurer to the County Auditor. 
940 S.W.2d at 78. From 1987 until 1994 a payroll clerk working for the Treasury prepared the
county payroll. In 1994, the Commissioners Court amended the budget to combine administrative
duties involving county payroll, the insurance program, personnel, and receiving purchase orders and
their payment into one full-time position assigned to the County Auditor. Id. at 79. These duties had
previously been divided between the payroll clerk and a part-time employee in the Auditor's office,
who had recently resigned. Id. The Treasury employee transferred to the Auditor's office to fill this
position. Id. After enumerating various core functions of the Treasurer's office, the court noted
that payroll preparation responsibilities had not been assigned to any county official in particular and
thus were not a core function of the Treasurer. Id. at 81-82. Therefore, acting in its legislative
capacity, the Commissioners Court was able to delegate the responsibilities to an appropriate county
official and had the power to transfer the payroll duties to the Auditor. Id. The court then noted
that the Treasurer was given the exclusive power to disburse funds, and the Commissioners could
not transfer functions involving fund disbursement to the auditor. Id. The court concluded: "If the
Legislature does not specifically assign a duty to the County Treasurer, that duty is not one of
the county Treasurer's core functions. The Commissioners Court may, within its discretion, assign
those non-core functions to other county officials the legislature authorizes to perform those
functions." Id. at 82.

 In the current case, the County Commissioners Court transferred funding for a number
of jobs from the constable to the sheriff. These officers were not performing a core function of the
constable's office. Accordingly, under Agan, the County Commissioners Court had the discretion
to assign these non-core functions to another official authorized to perform those duties. Although
Agan did not expressly discuss the timing of the transfer in that case, because the opinion referred
to "amending" the budget, it appears comparable to the budget amendment at issue in this case as
an event that occurred after the start of the fiscal year. We note that Agan did not address the budget
transfer authority under Texas Local Government Code section 111.041(c). We now discuss this
section as another basis for the County Commissioners Court's authority to transfer these funds.


Section 111.041(c) Transfer Authority


 The Texas Local Government Code gives budgetary transfer authority to the
Commissioners Court: "The Commissioners' Court by order may amend the budget to transfer an
amount budgeted for one item to another budgeted item without authorizing an emergency
expenditure." Tex. Loc. Gov't Code Ann. § 111.041(c) (West 1999). In this case, the Sheriff had
open positions. He used those positions to offer employment to the mental health deputies. The
funding for these deputies was transferred from the budget item for the Precinct One Constable to
the Sheriff. Such a transfer in the form of a "rehire" of employees by one precinct from another
precinct, with the funds originally budgeted for the first precinct of employment following the
employees to their new precinct, was approved in an attorney general opinion. See Op. Tex. Att'y
Gen. No. DM-158 at 5 (1992).

 Griffin asserts that transfer must be a line-item to line-item transfer; in other words,
because the Sheriff did not have a line item for each transferred position labeled "mental health
deputy," no transfer could occur. A previous version of the transfer authority under section 111.041
did contain a limitation that a "budget surplus" could be transferred to a budget item of "similar kind
and fund" as long as the total budget was not increased. See Hooten v. Enriquez, 863 S.W.2d 522,
529-30 (Tex. App.--El Paso 1993, no writ) (dealing with propriety of mechanism used to create
"surplus" to transfer money from County Clerk to Record Office). However, the 75th legislature
amended this section to the current version quoted above, removing the "like kind" and "surplus"
restrictions. See Act of June 1, 1997, 75th Leg., R.S., ch. 1197, § 3, 1997 Tex. Gen. Laws 4612. 
We decline to read into the statute a new restriction not supported by its plain language.

 Further, the Williamson County budget does not show individual salaries as separate
line items; each department's budget simply shows a total for salaries, FICA, and other categories
of expenditures. For example, the Commissioner's budget for Precinct One simply shows an "object
code" of 001100 for "salaries" with a total of $139,815 allocated for salaries. The Precinct Two
budget, under the same object code and label, shows a total of $145,285 allocated for salaries. 
Similarly, each of these two precincts shows an "object code" of 002010 for "FICA" with totals of
$10,920 and $11,115, respectively, allocated for this item. The order authorizing the budget transfer
contains a chart labeled, "Line Item Transfers for Transfer of Mental Health Unit from Dept. 551
[Constable, Precinct One] to Dept. 560 [Sheriff]." Under "Line Item" 1100, "Salaries," it shows the
Precinct One current budget allocating a lump sum of $509,370.00, with a transfer to the Sheriff of
a lump sum $229,363.49. The transfer budget tracks the format of the county budget with a lump-sum line item for FICA, retirement, and other categories of expenses. Although the County Auditor
maintains a budget showing each salary as a separate line item for accounting control purposes, that
is not the adopted budget of Williamson County as approved by the County Commissioners Court
that was subject to amendment. See Tex. Loc. Gov't Ann. § 111.008 (West Supp. 2007) (adoption
of budget), 111.009 (approved budget filed with county clerk and posted on county website).


Conclusion



 We have concluded that the budget transfer was authorized by the local government
code and did not improperly intrude into Constable Griffin's sphere of authority. Accordingly, the
Willliamson County Commissioners Court was entitled to summary judgment in its favor. We
affirm the trial court's judgment.



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Henson


Affirmed


Filed: November 28, 2007
1. This suit was originally brought against Lisa Birkman, Greg Boatright, S. Thomas McDaniel,
Frankie Limmer, and John Doerfler. Other than Lisa Birkman, the successors-in-office have been
substituted. See Tex. R. App. P. 7.2(a) (automatic substitution of public officer when officer is party
in official capacity).
2. The language in the Texas Constitution establishing the "County Commissioners Court" does
not use an apostrophe in "Commissioners." See Tex. Const. art. V, § 18; 35 David B. Brooks, Texas
Practice: County and Special District Law § 5.2 & n.1 (2d ed. 2002). We will use the spelling as
it appears in the Texas Constitution.
3. Ordinarily, a Williamson County constable would only have two deputy constables and an
administrative staff member.
4. Because of our disposition of the case, it is not necessary to discuss issues two and three
concerning the existence of an emergency. See Tex. R. App. P. 47.1 (opinion to be as brief as
practicable, but address every issue raised and necessary to final disposition of appeal).
5. We note that, in his brief, Griffin refers to handling mental health calls "in addition to their
'core' Constable duties serving criminal warrants, civil papers, and providing a bailiff to the JP
Court." In other words, Griffin acknowledges that handling mental health calls was not a core
function of the office.