ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 27, 2014

The Honorable Lucinda A. Vickers
Atascosa County Attorney
#1 Courthouse Circle Drive #3-B
Jourdanton, Texas 78026

Opinion No. GA–1039

Re: The proper expenditure of pretrial intervention program funds accumulated in accordance with Code of Criminal Procedure article 102.0121 (RQ-1141-GA)

Dear Ms. Vickers:

You ask whether pretrial intervention program funds collected pursuant to Code of Criminal Procedure article 102.0121 may be used "to refurbish a courtroom, to train new county court at law staff, to purchase office supplies for the county court at law staff, and/or to purchase office supplies for the county attorney's office."[1] Article 102.0121 authorizes a district attorney, criminal district attorney, or county attorney to collect a fee "from any defendant who participates in a pretrial intervention program administered in any part by the attorney's office." TEX. CODE CRIM. PROC. ANN. art. 102.0121(b) (West Supp. 2013). The express purpose of the fee, which may not exceed $500, is "to reimburse a county for expenses, including expenses of the district attorney's, criminal district attorney's, or county attorney's office, related to a defendant's participation in a pretrial intervention program offered in that county." Id. art. 102.0121(a). Once collected, the fees must be deposited into a special fund in the county treasury, "to be used solely to administer the pretrial intervention program." Id. art. 102.0121(c). Lastly, "[a]n expenditure from the fund may be made only in accordance with a budget approved by the commissioners court." Id.

Pursuant to subsection (a), a fee may be used for a particular purpose only if that purpose constitutes an expense of the county or one of the listed attorney's offices, and only if it relates to a defendant's participation in a pretrial intervention program. Id. art. 102.0121(a). Furthermore, after a fee has been collected and deposited in the special fund of the county treasury as required by subsection (c), any subsequent use of the fund must be in accordance with a budget approved

---

[1]Letter from Honorable Lucinda A. Vickers, Atascosa Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (July 23, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

by the commissioners court. *Id.* art. 102.0121(c); *see generally* TEX. LOC. GOV'T CODE ANN. §§ 111.001–.014 (West 2008 & Supp. 2013) (providing that the commissioners court shall prepare an annual budget and establishing the procedures for doing so). The commissioners court is limited by subsection (c) to expend pretrial intervention program funds only to administer the county's pretrial intervention program. TEX. CODE CRIM. PROC. ANN. art. 102.0121(c) (West Supp. 2013). Article 102.0121 does not permit any other use. Therefore, pretrial intervention program funds may be used for refurbishing courthouse facilities, training staff, and purchasing office supplies only to the extent that such expenditures reimburse a county for expenses related to a defendant's participation in a pretrial intervention program and are used for the administration of the program. *Id.* art. 102.0121(a), (c). That determination is for the commissioners court to make in the first instance, subject to judicial review. *Id.*; *see* Tex. Att'y Gen. Op. No. GA-0118 (2003) at 7 (whether a particular expenditure may be funded by certain fees is a fact question beyond the scope of an attorney general opinion); *Comm'rs Ct. of Titus Cnty. v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997) (holding that a commissioners court abuses its discretion by acting "illegally, unreasonably, or arbitrarily").

## S U M M A R Y

Under Code of Criminal Procedure article 102.0121, pretrial intervention program funds may be used to refurbish courthouse facilities, train staff, and purchase office supplies only to the extent that such expenditures reimburse a county for expenses related to a defendant's participation in a pretrial intervention program and are used for the administration of the program.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee