

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00216-CV
_____

BERT WALLACE, APPELLANT

V.

KENT COUNTY, TEXAS, APPELLEE

On Appeal from the 39th District Court
Kent County, Texas
Trial Court No. 1681; Honorable Shane Hadaway, Presiding

April 13, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This appeal arises from an order denying Appellant, Bert Wallace, recovery of his attorney's fees in an action brought against Appellee, Kent County, pursuant to the Uniform Declaratory Judgments Act (UDJA),[1] for the declaration of the rights of the parties concerning the public nature of a road in Kent County. Originally, the trial court entered a declaratory judgment in favor of Kent County, declaring the road in question

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001 – 37.011 (West 2015).

to be a public road. On appeal, this court reversed that order, rendered judgment that the road in question was a private road, and remanded the proceeding to the trial court in order for it to address Wallace's prayer for the recovery of attorney's fees. *Wallace v. Kent County,* No. 07-11-00427-CV, 2013 Tex. App. LEXIS 10573, at *24 (Tex. App.—Amarillo Aug. 21, 2013, no pet.) (mem. op.). On remand, the trial court entered an order denying Wallace the recovery of any fees. By this appeal, Wallace contends the trial court abused its discretion when it denied the recovery of attorney's fees. Finding the trial court did not abuse its discretion, we affirm.

APPLICABLE LAW

For more than a century, Texas law has not allowed the recovery of attorney's fees unless an award is authorized by statute or contract. *Tony Gullo Motors, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006); *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 119 (Tex. 2009). The UDJA authorizes a trial court to award "reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2015). The UDJA does not, however, require an award of attorney's fees to the prevailing party. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). Rather, the statute provides that the trial court "may" award attorney's fees, thus affording the trial court a measure of discretion in deciding whether to award the recovery of attorney's fees. *Bocquet,* 972 S.W.2d at 20 (citing *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997)). Where matters of judicial discretion are involved, a trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

2

In sum, the UDJA entrusts an award of attorney's fees to the sound discretion of the trial court, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and the additional requirement that fees awarded be just and equitable, which are matters of law. *Bocquet,* 972 S.W.2d at 21. Furthermore, absent exceptions not applicable here, the party requesting attorney's fees must affirmatively plead for them in order to be granted a judgment containing a fee award. *See* TEX. R. CIV. P. 301.

ANALYSIS

In the present case, Wallace's live pleadings at the time of the trial court's original judgment, *Plaintiff's 2nd Amended Original Petition,* sought the recovery of reasonable and necessary attorney's fees pursuant to the UDJA. In addition, Wallace filed a supplemental motion specifically addressing his request for the recovery of attorney's fees. When the trial court entered judgment in favor of Kent County on September 13, 2011, it expressly denied the award of attorney's fees to either party. As noted above, this court reversed that order but remanded the proceeding to the trial court in order for it to reconsider Wallace's prayer for the recovery of attorney's fees in light of the new judgment rendered by this court in Wallace's favor. *Wallace v. Kent County,* No. 07-11-00427-CV, 2013 Tex. App. LEXIS 10573, at *24 (Tex. App.— Amarillo Aug. 21, 2013, no pet.) (mem. op.). Following the issuance of our mandate, Wallace filed his *Amended Motion for Attorney's Fees*, setting forth various arguments as to why the trial court should grant him relief pursuant to the provisions of the UDJA. On March 10, 2014, the trial court considered his amended motion and, "after consideration of the merits, and the evidence," denied the recovery of attorney's fees.

By a single issue, Wallace contends the trial court abused its discretion in denying his motion for recovery of attorney's fees incurred in the prosecution of his claim for declaratory relief. In evaluating matters of discretion, this court must defer to the decision of the trial court, whether we agree or not, unless it can be said that the trial court's decision was an abuse of discretion. That is to say, unless we find the trial court's decision was made without reference to any guiding rules or principles, we should not reverse the trial court's decision. Here, we do not know the basis of the trial court's denial of attorney's fees to Wallace and we must presume that the trial court acted within its discretion unless the record discloses the contrary. In that regard, the record before us contains neither findings of fact nor a request for findings of fact. Without findings of fact establishing the basis for the trial court's exercise of discretion, an appellate court should not conclude as a matter of law that the trial court abused its discretion in declining to award attorney's fees. *Marion v. Davis*, 106 S.W.3d 860, 868 (Tex. App.—Dallas 2003, pet. denied). Accordingly, under this record, Wallace has not demonstrated an abuse of discretion by the trial court in denying him recovery of his attorney's fees. Because the UDJA does not mandate an award of attorney's fees, even to the prevailing party, and because Wallace has not established an abuse of discretion in denying them, his issue is overruled.

CONCLUSION

The order of the trial court denying the recovery of attorney's fees is affirmed.


Patrick A. Pirtle
Justice

4